J-S46042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT JOHNSON, | : | |
| | : | |
| Appellant | : | No. 114 MDA 2014 |

Appeal from the PCRA Order entered on November 27, 2013
in the Court of Common Pleas of Dauphin County,
Criminal Division, No(s): CP-22-CR-0000654-2002;
CP-22-CR-0000655-2002

BEFORE:  SHOGAN, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED AUGUST 11, 2014**

Robert Johnson ("Johnson") appeals, *pro se*, from the Order dismissing his second Petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court has set forth the relevant factual and procedural history as follows:

> On January 17, 2003, following a jury trial, [Johnson] was found guilty of one count of theft of auto, one count of possession of a firearm, five counts of reckless endangerment, two counts of flight and one count of resisting arrest.  [Johnson] was found not guilty of four counts of aggravated assault and two counts of reckless endangerment.  The jury failed to reach a verdict on three counts of attempted homicide, three counts of aggravated assault, one count of possession with intent to deliver a controlled substance and one count of resisting arrest.
>
> On August 8, 2003, a second jury trial was commenced on the unresolved counts.  The jury found [Johnson] guilty of all the hung counts from the first trial.  On October 30, 2003, [Johnson]

was sentenced to serve an aggregate [sentence] of 40½ to 81 years in prison. The Pennsylvania Superior Court affirmed the judgment of sentence on February 24, 2005, and the Pennsylvania Supreme Court denied [Johnson's] [P]etition for allowance of appeal on August 2, 2005.

[Johnson] filed a timely initial *pro se* PCRA [P]etition on March 18, 2006. Counsel was appointed, and the [P]etition was ultimately dismissed on September 12, 2006.

In 2009, [Johnson] filed various *pro se* [M]otions for relief, which were all denied. An appeal was taken on one of the dismissals and that appeal was dismissed by the Superior Court on March 15, 2010.

[Johnson] filed a second *pro se* PCRA [P]etition on February 23, 2011. Counsel was appointed, and subsequently filed a [M]otion to withdraw. In an order dated September 15, 2011, the [PCRA] court granted the [M]otion to withdraw and gave [Johnson] notice of its intent to dismiss the Petition. [Johnson] filed a *pro se* response on October 11, 2011, and the [PCRA] court dismissed the [P]etition on November 22, 2013. That same day, the court also dismissed, [] without prejudice, a [third] PCRA petition [Johnson] filed on September 30, 2013 [,] because the [second] PCRA [P]etition was pending. This appeal followed.

*See* PCRA Court Opinion, 3/19/14, at 1-2.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review,

including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Johnson's judgment of sentence became final on October 31, 2005, ninety days after the Pennsylvania Supreme Court denied Johnson's Petition for allowance of appeal. Thus, Johnson's second PCRA Petition, filed on February 23, 2011, is facially untimely under the PCRA.

However, this Court may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." ***Id.*** § 9545(b)(2); ***see also Albrecht***, 994 A.2d at 1094.

Here, Johnson has raised various claims, but has failed to plead and prove any of the exceptions listed in 42 Pa.C.S.A. § 9545(b)(1). Thus, the PCRA court properly dismissed Johnson's Petition as untimely.

Order affirmed; Petition for Relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2014