J-S51042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARDO ROSARIO, | : | |
| | : | |
| Appellant | : | No. 274 MDA 2014 |

Appeal from the PCRA Order entered on January 6, 2014
in the Court of Common Pleas of Lancaster County,
Criminal Division, No. CP-36-CR-0000626-1991

BEFORE:  BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:               **FILED AUGUST 28, 2014**

Edwardo Rosario ("Rosario") appeals, *pro se*, from the Order dismissing his third Petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 1991, Rosario was convicted of murder of the second degree and criminal conspiracy.[1]  The trial court sentenced Rosario to life in prison.

This Court affirmed the judgment of sentence.  **See Commonwealth v. Rosario**, 633 A.2d 1224 (Pa. Super. 1993) (unpublished memorandum). Rosario did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

---

[1] 18 Pa.C.S.A. §§ 2502(b), 903.

Rosario filed his first PCRA Petition in 1996. The PCRA court denied the Petition, and this Court affirmed on appeal. *See Commonwealth v. Rosario*, 736 A.2d 685 (Pa. Super. 1999) (unpublished memorandum).

Rosario filed his second PCRA Petition in 2012. The PCRA court issued a Notice of Intent to Dismiss, and dismissed the Petition without a hearing. Rosario did not appeal the dismissal of this PCRA Petition.

Rosario filed the instant PCRA Petition, *pro se*, on August 28, 2012. On September 27, 2012, the PCRA court issued a Notice of Intent to Dismiss without holding a hearing. Rosario filed an Objection to the court's Notice of Intent to Dismiss. On January 6, 2014, the PCRA court dismissed the Petition as untimely. Rosario filed a timely Notice of Appeal.

On appeal, Rosario challenges the dismissal of his PCRA Petition, raising a constitutional challenge to his sentence.[2]

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment

---

[2] In his appellate brief, Rosario did not include a Statement of Questions Presented section.

- 2 -

becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Rosario's judgment of sentence became final in 1993, when the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Because Rosario did not file the instant PCRA Petition until 2012, his Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, Rosario cites the Supreme Court's recent decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), and invokes the newly recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii). Brief for Appellant at 1. In *Miller*, the United States Supreme Court held that

sentencing schemes that mandate life in prison without parole for defendants who committed their crimes while under the age of eighteen violate the Eighth Amendment's prohibition on "cruel and unusual punishments." **Miller**, 132 S. Ct. at 2460. The Court reasoned that in light of a juvenile's diminished culpability and heightened capacity for change, mandatory juvenile sentencing schemes pose too great a risk of disproportionate punishment, in contravention of the Eighth Amendment. **Id.** at 2469.

Rosario avers that the **Miller** rationale should be extended to include his sentence of life without the possibility of parole, even though he was twenty-four years old at the time he committed the murder. Brief for Appellant at 2-3. Rosario claims that his sentence was illegal, as it violated the Equal Protection Clause of both the Pennsylvania and United States Constitutions. **Id.** at 1.

Rosario did not raise this claim, as required under the PCRA, within sixty days of the date the **Miller** decision was filed. **See** 42 Pa.C.S.A. § 9545(b)(2). Accordingly, Rosario has failed to plead and prove the exception provided in 42 Pa.C.S.A. § 9545(b)(1)(iii) to overcome the

untimeliness of his Petition.[3]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2014

---

[3] In any event, the Supreme Court in **Miller** set forth a bright-line rule holding mandatory sentences of life without parole unconstitutional for defendants under the age of eighteen. Because Rosario was twenty-four years old at the time he committed the murder, **Miller** does not apply. Additionally, even if Rosario had been under age 18 at the time of the crime, **Miller** does not apply retroactively. **See Commonwealth v. Cunningham**, 81 A.3d 1, 11 (Pa. 2013), *cert. denied*, 134 S. Ct. 2724 (2014) (holding that **Miller** does not apply retroactively).