J-S11039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MELVIN ORTIZ, | : | |
| | : | |
| Appellant | : | No. 1252 MDA 2014 |

Appeal from the PCRA Order entered on July 16, 2014
in the Court of Common Pleas of Berks County,
Criminal Division, No. CP-06-CR-0001050-1998

BEFORE: PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED FEBRUARY 20, 2015**

Melvin Ortiz ("Ortiz") appeals from the Order dismissing his fifth Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 1997, Ortiz was convicted of murder of the second degree, robbery, aggravated assault, recklessly endangering another person, possessing instruments of crime, criminal attempt, and criminal conspiracy.[1] Ortiz was 17 years old at the time of the crime. The trial court sentenced Ortiz to life in prison without the possibility of parole.

This Court affirmed the judgment of sentence. ***See Commonwealth v. Ortiz***, 760 A.2d 430 (Pa. Super. 2000) (unpublished memorandum).

---

[1] 18 Pa.C.S.A. §§ 2502(b), 3701, 2702, 2705, 907, 901, 903.

Ortiz did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

Ortiz subsequently filed four PCRA Petitions, each of which was dismissed by the PCRA court. This Court affirmed the dismissal of all four Petitions.

Ortiz filed the instant PCRA Petition in 2012, following the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012).[2] The PCRA court dismissed the Petition. Ortiz filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Ortiz raises the following question for our review: "Whether *Miller* [] applies retroactively to cases on collateral review?" Brief for Appellant at 2.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

---

[2] In *Miller*, the Supreme Court held that sentencing schemes which mandate life in prison without parole for defendants who committed their crimes while under the age of eighteen violates the Eighth Amendment's prohibition on "cruel and unusual punishments." *Miller*, 132 S. Ct. at 2460. The Supreme Court reasoned that, in light of a juvenile's diminished culpability and heightened capacity for change, mandatory juvenile sentencing schemes pose too great a risk of disproportionate punishment, in contravention of the Eighth Amendment. *Id.* at 2469.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Ortiz claims that *Miller* should apply retroactively, that the mandatory life sentence should be vacated, and that the case should be remanded for resentencing. Brief for Appellant at 6, 10.

Initially, under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Ortiz's Petition is facially untimely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b).

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, Ortiz invokes the newly recognized constitutional right exception codified at 42 Pa.C.S.A. § 9545(b)(1)(iii). Ortiz asserts that his sentence was unconstitutional under **Miller**'s prohibition against life sentences without the possibility of parole for juveniles. Brief for Appellant at 6-7; **see also Miller**, 132 S. Ct. at 2460.

However, in order to invoke the exception, the deciding court must apply the right retroactively. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii). Although the United States Supreme Court did not address the retroactive application of **Miller** in its holding, the Pennsylvania Supreme Court ruled that **Miller** does not apply retroactively to juveniles in Pennsylvania whose judgments of sentence were final at the time **Miller** was decided. **Commonwealth v. Cunningham**, 81 A.3d 1, 11 (Pa. 2013), *cert. denied*, **Cunningham v. Pennsylvania**, 134 S. Ct. 2724 (2014); **see also Commonwealth v. Seskey**, 86 A.3d 237, 243 (Pa. Super. 2014) (holding that this Court is confined by the **Cunningham** decision).[3] Accordingly, Ortiz has failed to plead and prove the exception provided in 42 Pa.C.S.A. § 9545(b)(1)(iii) to overcome the timeliness of his Petition.

---

[3] The United States Supreme Court granted *certiorari* in **Toca v. Louisiana**, 135 S. Ct. 781 (Dec. 12, 2014), to determine the retroactivity of **Miller**. However, the Supreme Court subsequently dismissed *certiorari* under United States Supreme Court Rule 46.1. **See Toca v. Louisiana**, 2015 U.S. LEXIS 909 (Feb. 3, 2015).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2015