J-S11040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MELISA ANN McMANUS, | : | |
| | : | |
| Appellant | : | No. 1415 MDA 2014 |

Appeal from the PCRA Order entered on July 22, 2014
in the Court of Common Pleas of Lancaster County,
Criminal Division, No. CP-36-CR-0002039-1993

BEFORE:  PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 20, 2015**

Melisa Ann McManus ("McManus") appeals from the Order dismissing her Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 1994, McManus was convicted of murder of the first degree and criminal conspiracy after the death of her newborn son.[1]  McManus was 17 years old at the time of the crime.  The trial court sentenced McManus to life in prison without the possibility of parole on the murder conviction, and a concurrent 5 to 10 years in prison on the conspiracy conviction.

This Court affirmed the judgment of sentence, and the Supreme Court denied allowance of appeal. *See Commonwealth v. McManus*, 664 A.2d 1057 (Pa. Super. 1995) (unpublished memorandum), *appeal denied*, 670

---

[1] *See* 18 Pa.C.S.A. §§ 2502(a), 903.

A.2d 141 (Pa. 1995). McManus did not file a Petition for *Writ of certiorari* with the United States Supreme Court.

McManus filed her first PCRA Petition, *pro se*, in 2010. The PCRA court appointed McManus counsel, who filed an Amended PCRA Petition. In this Petition, McManus argued that her sentence was unconstitutional under **Graham v. Florida**, 560 U.S. 48 (2010). The PCRA court issued a Notice of Intent to Dismiss, and dismissed the Petition without a hearing. McManus filed a timely Notice of Appeal.

While the appeal was pending, McManus filed a PCRA Petition in 2012, following the United States Supreme Court's decision in **Miller v. Alabama**, 132 S. Ct. 2455 (2012).[2] The PCRA court denied the Petition because McManus's first Petition was still pending before this Court. McManus filed an Application for Remand of the 2010 PCRA Petition, which this Court denied. Instead, this Court ordered the case listed for *en banc* review to determine the retroactivity of **Miller**. The Commonwealth filed an Application for Stay of the appeal from the dismissal of the 2010 PCRA Petition pending the Supreme Court of Pennsylvania's decision in

---

[2] In **Miller**, the Supreme Court held that sentencing schemes which mandate life in prison without parole for defendants who committed their crimes while under the age of eighteen violates the Eighth Amendment's prohibition on "cruel and unusual punishments." **Miller**, 132 S. Ct. at 2460. The Supreme Court reasoned that, in light of a juvenile's diminished culpability and heightened capacity for change, mandatory juvenile sentencing schemes pose too great a risk of disproportionate punishment, in contravention of the Eighth Amendment. **Id.** at 2469.

*Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), on the retroactivity of *Miller*. This Court granted the Application for Stay. In 2013, the Supreme Court of Pennsylvania held that *Miller* should not be applied retroactively to individuals whose judgments of sentence were final prior to that decision. *Cunningham*, 81 A.3d at 11. As a result, this Court remanded the 2010 PCRA Petition to the PCRA court and relinquished jurisdiction.

In 2014, the Commonwealth filed an Answer to McManus's PCRA Petition, and the PCRA court ruled to stay the remanded PCRA action pending a ruling by the United States Supreme Court on whether to grant *certiorari* in *Cunningham*. On June 9, 2014, the United States Supreme Court denied *certiorari*. *See Cunningham v. Pennsylvania*, 134 S. Ct. 2724 (2014). The PCRA court subsequently dismissed the PCRA Petition. McManus filed a timely Notice of Appeal and Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, McManus raises the following question for our review: "Does *Miller* [] apply on collateral review to juveniles serving life sentences for homicide by creating a newly recognized [c]onstitutional [r]ight and an exception to the one year filing requirement under [] 42 Pa.C.S.A. [§] 9545(b)(1)(iii)[?]" Brief for Appellant at 2.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's

ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

McManus claims that the PCRA court erred in dismissing her Petition, and that **Miller** should apply retroactively. Brief for Appellant at 5.

Initially, under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, McManus's Petition is facially untimely under the PCRA. **See** 42 Pa.C.S.A. § 9545(b).

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." **Id.** § 9545(b)(2); **Albrecht**, 994 A.2d at 1094.

Here, McManus invokes the newly recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii). McManus asserts that her sentence was unconstitutional under **Miller**'s prohibition against life sentences without the possibility of parole for juveniles. Brief for Appellant at 5; **see also Miller**, 132 S. Ct. at 2460. McManus argues that the **Cunningham** decision should not be applied because it creates disparate sentences for juveniles who committed substantially the same crimes, depending on the date on which they committed the crime. Brief for Appellant at 6.

However, in order to invoke the exception, the deciding court must apply the right retroactively. Although the United States Supreme Court did not address the retroactive application of **Miller** in its holding, the Pennsylvania Supreme Court ruled that **Miller** does not apply retroactively to juveniles in Pennsylvania whose judgments of sentence were final at the time **Miller** was decided. **Cunningham**, 81 A.3d at 11; **see also Commonwealth v. Seskey**, 86 A.3d 237, 243 (Pa. Super. 2014) (holding that this Court is confined by the **Cunningham** decision).[3] Accordingly, McManus has failed to plead and prove the exception provided in 42 Pa.C.S.A. § 9545(b)(1)(iii) to overcome the untimeliness of her Petition.

---

[3] The United States Supreme Court granted *certiorari* in **Toca v. Louisiana**, 135 S. Ct. 781 (Dec. 12, 2014), to determine the retroactivity of **Miller**. However, the Supreme Court subsequently dismissed *certiorari* under United States Supreme Court Rule 46.1. **See Toca v. Louisiana**, 2015 U.S. LEXIS 909 (Feb. 3, 2015).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2015