J-S19032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
DARRYL WOODS, :
:
Appellant : No. 2500 EDA 2014

Appeal from the PCRA Order entered on August 6, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-1004761-1996

BEFORE: STABILE, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 31, 2015**

Darryl Woods ("Woods"), *pro se*, appeals from the Order dismissing his fourth Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In June 1999, a jury found Woods guilty of first-degree murder and related charges, based upon his involvement in a drive-by shooting in Philadelphia. The trial court subsequently sentenced Woods to life in prison. This Court affirmed the judgment of sentence. **See Commonwealth v. Woods**, 761 A.2d 1241 (Pa. Super. 2000) (unpublished memorandum). Woods did not seek allowance of appeal with the Supreme Court of Pennsylvania.

In the following years, Woods filed three PCRA Petitions, all of which were dismissed, and this Court affirmed the dismissals. On July 24, 2013,

Woods filed the instant *pro se* PCRA Petition, after which he filed a *pro se* Amended PCRA Petition. Subsequently, the PCRA court gave Woods Notice, pursuant to Pa.R.Crim.P. 907, of its intention to dismiss Woods's PCRA Petition without a hearing, concluding that the Petition was not timely filed, and Woods had not proven any of the three exceptions to the PCRA's jurisdictional time-bar (collectively referred to as "the PCRA exceptions"). Woods filed a *pro se* Response to the court's Rule 907 Notice. By an Order entered on August 6, 2014, the PCRA court dismissed Woods's Petition. Woods timely filed a *pro se* Notice of Appeal.

Woods presents the following issues for our review:

1. Did the [PCRA] court err in failing to observe the [PCRA] exception that [Woods] verified to the court as a matter of factual record[]?

2. Did the [PCRA] court err in failing to observe that newly discovered evidence was an ongoing circumstance in the matter that was before the court?

3. Did the [PCRA] court err in failing to acknowledge [that Woods] was distinctively verifying his reliance[] upon documentations [*sic*] rather than assertions to be accepted verbatim, in a manner of which the prosecution[,] by case law standards[,] must do the same?

4. Did the [PCRA] court err in failing to enforce the legislative authority found as legally binding upon the court[,] as such related to copies of [Woods's] medical records?

5. Did the [PCRA] court err in failing to … address [Woods's] request for an expert?

6. Did the [PCRA] court err in failing to order the medical records for [Woods] to provide his verification within, in order for the court to review and make a decision?

7. Should [this] Court remand for there to be a qualified review of [Woods's] medical records[, which are] under the exclusive control of the state under a standard of suppression?

Brief for Appellant at vii (issues numbered, capitalization omitted). We will address Woods's issues simultaneously, as they all relate to whether the PCRA properly determined that Woods failed to meet any of the PCRA exceptions.

We begin by noting our well-settled standard of review: "In reviewing the [dismissal] of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

Under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Woods concedes that his PCRA Petition is facially untimely, as it was filed over twelve years after his judgment of sentence became final. However, according to Woods, he has met all three of the PCRA exceptions.

*See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii) (providing that an untimely PCRA petition may be considered timely if a petitioner alleges and proves (i) governmental interference with the presentation of his claims; (ii) discovery of previously unknown facts which could not have been discovered with due diligence; or (iii) an after-recognized constitutional right given retroactive application); *see also* Brief for Appellant at 1-22. Summarizing, Woods contends that (1) the government withheld his medical records concerning his allegedly poor eyesight and serious eye condition, which prove that Woods was physically incapable of performing the acts of which he was convicted, *i.e.*, driving the car utilized in the drive-by shooting; and (2) these medical records were only recently discovered. *See id.* Woods also relies upon the United States Supreme Court's decision in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). *See* Brief for Appellant at 4-5, 14.[1]

The PCRA court addressed Woods's claims in its Pa.R.A.P. 1925(a) Opinion as follows:

> As an initial matter, the PCRA mandates that a petition invoking an exception to the timeliness provision must be pled within sixty days of the date the claim could have been presented. [*See* 42 Pa.C.S.A. § 9545(b)(2). Woods] cannot satisfy the 60 day requirement because he stated [in his instant PCRA Petition] that his [eye] condition was well known to him[,] as he sought treatment for his condition two years prior to his

---

[1] Woods merely cites to *McQuiggin*, and does not explain how he believes this case establishes the newly recognized constitutional right PCRA exception.

conviction.[2]   Therefore, the underlying facts were known to [Woods] well before his conviction and were not "after-discovered."  *See Commonwealth v. Monaco*, 996 A.2d 1076 (Pa. Super. 2010) (holding that defendant's failure to prove that he exercised diligence in uncovering his mental health diagnosis sooner, which was available when he was tried, resulted in an untimely [PCRA] petition).  Moreover, even if [Woods had] raised this claim earlier, upon review, [he] provided no explanation why he was unable to obtain his own medical records[,] and he did not proffer evidence that they were improperly withheld by the Commonwealth.

Additionally, [Woods] averred that his claim should be heard under the recent United States Supreme Court's decision in *McQuiggin* [].  This case held that a showing of actual innocence is sufficient to circumvent the statute of limitations or the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *McQuiggin* applies to federal *habeas corpus* petitions filed under the AEDPA and is not applicable to petitions filed in state court seeking relief under the [PCRA].  Moreover, contrary to [Woods's] argument, *McQuiggin* did not announce a new relevant rule of constitutional law that has been made retroactive by either our Supreme Court or the Supreme Court of the United States.  Therefore, [Woods's] claim was meritless.

In sum, [Woods] failed to file his claims within the PCRA's necessary time limitations, or establish that any of the [PCRA] exceptions apply to [his] case.  Accordingly, [Woods's PCRA P]etition was properly dismissed as untimely ….

PCRA Court Opinion, 9/3/14, at 3-4 (unnumbered, footnote added).  Our

review confirms that the PCRA court's cogent analysis is supported by the

record and the law.  Therefore, we affirm on this basis with regard to

---

[2] Moreover, Woods acknowledged in his Response to the PCRA court's Rule 907 Notice that his counsel had obtained copies of the medical records in question, concerning his eye condition, in 2001.  *See* Rule 907 Response, 8/5/14, at 2.  However, according to Woods, counsel misplaced the records. *See id.*

Woods's issues in concluding that the PCRA court properly dismissed his fourth PCRA Petition as untimely. ***See id.***[3]

Order affirmed. Application for Relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2015

---

[3] We additionally observe that we have reviewed Woods's allegations made in his separate *pro se* Application for Relief, filed with this Court on March 2, 2015, and determine that they likewise do not entitle him to relief.