J-S36026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOHN WILSON, :
:
Appellant : No. 3218 EDA 2017

Appeal from the PCRA Order August 31, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0743951-1991

BEFORE: GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED NOVEMBER 02, 2018**

Appellant, John Wilson, appeals *pro se* from the August 31, 2017 Order entered in the Philadelphia County Court of Common Pleas dismissing as untimely his sixth Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The underlying facts are not relevant to the instant appeal. Briefly, on April 8, 1992, Appellant entered a negotiated plea to, *inter alia*, First-Degree Murder. That same day, the trial court imposed the negotiated sentence of life imprisonment. Appellant did not file a direct appeal. Appellant's Judgment of Sentence thus became final thirty days later on May 8, 1992, upon expiration of the time to file a direct appeal. *See* Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

Over the next several decades, Appellant filed five unsuccessful PCRA Petitions. On June 16, 2016, Appellant filed the instant *pro se* PCRA Petition,

his sixth, seeking to invoke ***Miller v. Alabama***, 567 U.S. 460 (2012), and ***Montgomery v. Louisiana***, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).[1]  On August 31, 2017, the PCRA court dismissed the instant PCRA Petition without a hearing after providing notice pursuant to Pa.R.Crim.P. 907.[2]

Appellant timely filed a *pro se* Notice of Appeal.  The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement of Errors.  The PCRA court filed a brief Pa.R.A.P. 1925(a) Opinion with its dismissal Order and opined that (1) Appellant's PCRA Petition was untimely, and (2) no timeliness exception applied since Appellant was ineligible for relief under ***Miller*** and ***Montgomery*** because he "was over the age of eighteen at the time of his offense."  PCRA Court Opinion, filed 8/31/17, at 1.

Appellant presents one issue for our review:

> Whether Appellant is entitled to Post Conviction Relief based on newly discovered evidence regarding Brain Science and Social Science?

Appellant's Brief at 3 (suggested answer omitted).

---

[1] In ***Miller***, the U.S. Supreme Court held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was under eighteen years old.  The United States Supreme Court held in ***Montgomery*** that its decision in ***Miller*** applies retroactively.

[2] Appellant alternatively titled his filing as a "Petition for *Habeas Corpus* Relief."  The PCRA court properly treated Appellant's filing as a PCRA Petition.  ***See Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) (holding that "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.").

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).

Before addressing the merits of Appellant's PCRA claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on May 8, 1992, when his time for filing a direct appeal expired. **See** Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3). The instant Petition, filed more than 24 years after his Judgment of Sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions set forth in 42

Pa.C.S. § 9545(b). Here, in citing the "brain science" studies discussed in *Miller* and *Montgomery*, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(ii), which provides that a petitioner may seek relief when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii).

Our Supreme Court has expressly held that "subsequent decisional law does not amount to a new 'fact' under [S]ection 9545(b)(1)(ii)[.]" *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011). Further, Appellant's reliance on the "brain science" studies discussed in *Miller* and *Montgomery* as the "newly discovered fact" garners no relief. Those studies were published years before the judicial decision. Appellant failed to prove that he filed the instant Petition within 60 days of the publication of that research discussed in *Miller* and *Montgomery*, and does not successfully demonstrate why he could not have discovered these facts any earlier when they were available.

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. *See* PCRA Court Opinion at 1.

The record supports the PCRA court's findings and its Order is otherwise free of legal error. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/2/18</u>