994 A.2d 1091

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Alfred K. ALBRECHT, Sr., Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 11, 2009.

Decided May 27, 2010.

Alfred K. Albrecht, Sr., pro se.

Amy Zapp, PA Office of Attorney General, Maureen Flannery, Bucks County District Attorney's Office, David Ward Heckler, for Commonwealth of Pennsylvania.

CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## *OPINION*

Justice EAKIN.

Appellant was convicted of first degree murder, two counts of second degree murder, and four counts of arson, relating to the deaths of his mother, wife, and daughter. Appellant was sentenced to death. On direct appeal, we affirmed appellant's convictions and death sentence. *Commonwealth v. Albrecht,* 510 Pa. 603, 511 A.2d 764 (1986). Appellant's first PCRA petition was denied; we affirmed. *Commonwealth v. Albrecht,* 554 Pa. 31, 720 A.2d 693 (1998).

Appellant filed a *habeas corpus* petition, and the United States District Court for the Eastern District of Pennsylvania

granted appellant a new penalty hearing, but denied relief with respect to his underlying convictions. *Albrecht v. Horn,* 314 F.Supp.2d 451 (E.D.Pa.2004). The United States Court of Appeals for the Third Circuit affirmed the district court's denial of guilt phase relief, reversed the order of a new penalty hearing, and remanded to the district court for consideration of remaining penalty phase issues. *Albrecht v. Horn,* 485 F.3d 103 (3d Cir.2007). On remand, the district court once again ordered a new penalty hearing. *Albrecht v. Beard,* 636 F.Supp.2d 468 (E.D.Pa.2009). The Commonwealth appealed to the Third Circuit, where the matter remains on appeal.

Nonetheless, appellant filed this serial, *pro se,* PCRA petition May 27, 2008. After filing a notice of intent to dismiss the petition, the PCRA court denied appellant's petition without a hearing. Appellant now appeals, *pro se,* to this Court.

■■■ We review a denial of PCRA relief to determine whether the PCRA court's findings are supported by the record and free of legal error. *Commonwealth v. Clark,* 599 Pa. 204, 961 A.2d 80, 84 (2008) (quoting *Commonwealth v. Gwynn,* 596 Pa. 398, 943 A.2d 940, 944 (2008)). Appellant "bears the burden of demonstrating that the issues he is pursuing have not been previously litigated or waived." *Id.,* at 84–85 (citing 42 Pa.C.S. § 9543(a)(3)). The PCRA court need not hold a hearing on every issue appellant raises, as a hearing is only required on "genuine issues of material fact." *Id.; see also* Pa.R.Crim.P. 909(B).

■■■ As timeliness is separate and distinct from the merits of appellant's underlying claims, we first determine whether this PCRA petition was timely filed. *See Commonwealth v. Stokes,* 598 Pa. 574, 959 A.2d 306, 310 (2008) (consideration of *Brady*[1] claim separate from consideration of its timeliness). All PCRA petitions "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final. . . ." 42 Pa.C.S. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a

1. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 586 Pa. 468, 895 A.2d 520, 522 (2006) (citations omitted).

The PCRA court found appellant's petition was untimely. The court found, as appellant's judgment became final before the amendments to the PCRA, he had one year after the effective date of the amendment to raise his claims. Because appellant failed to do so, the court determined appellant's petition was untimely.[2]

Appellant argues this petition qualifies for two statutory exceptions [3] to timeliness: the petition is based on facts unknown to him which could not be ascertained with the exercise of due diligence, and governmental interference prevented him from bringing this claim earlier. Appellant claims advances in fire science have rendered the Commonwealth's expert testimony unreliable. Regarding governmental interference, appellant raises *Brady* claims and alleges the Commonwealth improperly withheld physical samples from the fire scene, which appellant contends could disprove arson. Appellant further

---

2. These time limits were effective January 16, 1996, as part of the 1995 PCRA amendments. A grace period permitted defendants whose convictions became final before the amendments' effective date to file their first PCRA petition by January 16, 1997. *See Commonwealth v. Williams*, 573 Pa. 613, 828 A.2d 981, 987 n. 9 (2003). However, as this is not appellant's first PCRA petition, appellant cannot avail himself of this grace period. The PCRA court erred insofar as it concluded petitioner could avail himself of this grace period and this petition could be filed by January, 1997.

3. There are three statutory exceptions to the PCRA's time-bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)–(iii).

claims the Commonwealth failed to disclose witness statements, which could have impeached various witnesses who had testified against him. Additionally, appellant contends trial counsel was ineffective for failing to obtain this evidence, and all prior appellate counsel were ineffective for failing to raise trial counsel's ineffectiveness on these issues.

The Commonwealth argues appellant's petition is untimely, and appellant has failed to prove the applicability of any of the exceptions. The Commonwealth contends appellant makes conclusory claims, and merely speculates relevant discovery was withheld from him.

In reply, appellant claims "there is no record developed to establish the factual basis in support" of an exception to the PCRA's time-bar. Appellant's Reply Brief, at 8. He further argues this is his first opportunity to raise these claims, and all his prior counsel were ineffective in failing to investigate and present these claims.

Appellant's judgment became final March 30, 1987, when the United States Supreme Court ended appellant's direct appeals by denying his petition for writ of *certiorari*. *Albrecht v. Pennsylvania*, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987); *see* 42 Pa.C.S. § 9545(b)(3). Appellant filed this PCRA petition May 27, 2008, more than 21 years later. "[I]t is the appellant's burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Hawkins*, 598 Pa. 85, 953 A.2d 1248, 1253 (2008) (plurality) (citing *Commonwealth v. Beasley*, 559 Pa. 604, 741 A.2d 1258, 1261 (1999)). Additionally, any petition filed pursuant to any of these timeliness exceptions must be filed within 60 days of when the petition could have been presented. *Id.*, at 1252; 42 Pa.C.S. § 9545(b)(2). "[T]he 60–day rule requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." *Stokes*, at 310 (citing *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 720 (2008)). As this petition was filed May 27, 2008, to qualify for any timeliness exception,

appellant must have been able to present his petition no earlier than March 28, 2008.

We agree with the Commonwealth that appellant has failed to meet his burden. Appellant does not state when he discovered the Commonwealth allegedly withheld witness statements and physical evidence. Likewise, he does not indicate when he learned the Commonwealth's arson evidence was allegedly unreliable. As appellant does not explain when he first learned of the facts underlying his PCRA claims, he has failed to meet his burden of showing he brought his claim within 60 days of when the petition could have been presented.[4]

 Further, appellant claims the restricted incarceration status of capital inmates, including himself, constitutes governmental interference because such restricted status limits the ability of such inmates to prepare *pro se* PCRA petitions. Appellant fails to show any of the conditions of his incarceration were illegal, as required to meet the governmental interference exception to PCRA's timeliness requirement. *See* 42 Pa.C.S. § 9545(b)(1)(i) (governmental interference must violate United States or Pennsylvania Constitution or laws). Accordingly, appellant has not sufficiently developed his claim of governmental interference. *See Commonwealth v. Puksar*, 597 Pa. 240, 951 A.2d 267, 293–94 (2008) (failure to develop claim waives it).

Accordingly, we conclude appellant has failed to prove he qualifies for an exception to the PCRA's time-bar.[5] Appel-

---

**4.** Notably, appellant's *Brady* and fire science claims were presented unsuccessfully in appellant's federal *habeas* petition. Appellant had an evidentiary hearing on his *habeas* claims March 23 and 24, 2003. The district court rejected guilt phase claims April 20, 2004. Thus, appellant could have, in the exercise of due diligence, readily discovered these facts from his own federal *habeas* proceedings. As these proceedings occurred more than 60 days before he filed this petition, appellant fails to prove this petition satisfies the statutory exceptions to the PCRA's timeliness requirements.

**5.** Appellant's ineffectiveness claims are similarly not cognizable, as appellant's "belief that he has uncovered a colorable claim of ineffectiveness by prior counsel does not entitle [him] to an exception to the timeliness requirements." *Commonwealth v. Crews*, 581 Pa. 45, 863

lant's claims are untimely, and neither this Court nor the PCRA court has jurisdiction to further consider them.

The order of the PCRA court is affirmed.[6]

Jurisdiction relinquished.

Chief Justice CASTILLE, Justices SAYLOR, BAER, TODD, McCAFFERY, ORIE MELVIN join the opinion.

A.2d 498, 503 (2004) (citing *Commonwealth v. Howard,* 567 Pa. 481, 788 A.2d 351, 355 (2002)).

6. Appellant has also filed a Motion for Post–Submission Communication, seeking to submit the Third Circuit's recent decision in *Wilson v. Beard,* 589 F.3d 651 (3d Cir.2009). Appellant claims *Wilson* supports his *Brady* claims. As we do not decide these untimely *Brady* claims, we deny as moot appellant's Motion for Post–Submission Communication.