J-S50030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL DRAWBAUGH | |
| Appellant | No. 2216 MDA 2015 |

Appeal from the PCRA Order Entered November 18, 2015
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0005001-2006

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY STABILE, J.:                    **FILED JULY 11, 2016**

Appellant, Michael Drawbaugh, appeals *pro se* from the November 18, 2015 order denying his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

Appellant was convicted of aggravated assault, involuntary deviate sexual intercourse, and attempted rape[1] on November 16, 2006.  On February 26,. 2007, the trial court imposed an aggregate 174-348 months of incarceration.  This Court affirmed the judgment of sentence on March 25, 2008.  Subsequently, Appellant filed two unsuccessful PCRA petitions.  On

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 2702, 3123, 901 and 3121, respectively.

June 25, 2014, Appellant filed the instant petition, his third. The PCRA court dismissed that petition by the November 18, 2015 order on appeal.

Appellant argues trial counsel was ineffective for failing to call a witness who would have exonerated Appellant. He also argues that counsel's ineffective assistance excuses the time bar. The PCRA's jurisdictional timeliness provision states that a petitioner must file a petition within one year of the date on which his judgment of sentence becomes final, or plead and prove the applicability of one of the three statutory exceptions to the one-year time bar. 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Failure to do so deprives the PCRA court of jurisdiction to entertain the petition. *Id.*

Appellant's petition, filed more than six years after the conclusion of direct appellate review, is facially untimely. The three timeliness exceptions are (1) governmental interference; (2) newly discovered facts; and (3) a newly recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Binding precedent establishes that discovery of prior counsel's ineffective assistance does not constitute a newly discovered fact under § 9545(b)(1)(ii). *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785-86 (Pa. 2000). Appellant does not assert any other basis for avoiding the PCRA's one-year time bar. The PCRA court correctly dismissed Appellant's petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/11/2016