J-S02030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES E. FRANKS | |
| Appellant | No. 2005 EDA 2016 |

Appeal from the PCRA Order April 15, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0709691-2001

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MOULTON, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 22, 2017**

Appellant, James E. Franks, appeals *pro se* from the April 15, 2016 order entered in the Court of Common Pleas of Philadelphia County ("PCRA court") dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The underlying facts of this case have been summarized by this Court on direct appeal, and quoted by this Court following Appellant's first PCRA appeal.

> Beginning in 1993, Appellant lived with his girlfriend, Ms. Farley, their daughter, K.F. (born November 1993), and Ms. Farley's two daughters from previous relationships, V.M. (born February 1990) and B.F.  When V.M. was 5 and 6 years old and no one else was home, Appellant would come into her bedroom and tell her to sit on the bed or kneel, take off her clothes, and close her eyes.  Appellant would then force his penis inside of her mouth, and at times he would force her to lie face down on the bed and force his penis into her vagina.  Afterwards,

Appellant would indicate that if V.M. told her mother, he would hurt her mother and then come after her. In 1996, Appellant and Ms. Farley ended their relationship and V.M. stopped seeing him.

Subsequently, when K.F. reached the age of 6 or 7, Ms. Farley began taking her to visit Appellant every two weeks. During one of the visits, Appellant told K.F. he wanted to play a little game with her and told her to get on her knees, close her eyes, and open her mouth. Appellant then put his penis into his daughter's mouth. Later, K.F. reported the incident to V.M. who then told their mother.

***Commonwealth v. Franks***, 2359 EDA 2010, unpublished memorandum at 2-3 (Pa. Super. filed Nov. 15, 2011) (quoting ***Commonwealth v. Frank*** [sic], 913 A.2d 940 (Pa. Super. 2006) (unpublished memorandum at 1-2), ***appeal denied***, 945 A.2d 167 (Pa. 2008)).

This Court summarized the procedural history following Appellant's first PCRA appeal.

Following a jury trial, [A]ppellant was found guilty of rape, involuntary deviate sexual intercourse ("IDSI") (two counts), and corrupting the morals of a minor (two counts). On June 26, 2002, [A]ppellant was sentenced to an aggregate of 15 to 45 years' imprisonment followed by 5 years' probation. Following reinstatement of his direct appeal rights ***nunc pro tunc***, [A]ppellant appealed to this [C]ourt, which affirmed the judgment of sentence. Our [S]upreme [C]ourt denied allowance of appeal on March 12, 2008.

On May 1, 2008, [A]ppellant filed a timely ***pro se*** PCRA petition, and counsel was appointed to represent him. Appointed counsel filed a petition to withdraw and accompanying ***Turner/Finley*** "no merit' letter; and on July 30, 2010, following [the PCRA court issuing a] Rule 907[1] notice, the PCRA court

---

[1] Pa.R.Crim.P. 907.

dismissed [A]ppellant's PCRA petition without a hearing and granted counsel permission to withdraw. A timely **pro se** notice of appeal was filed on August 12, 2010. Appellant [] complied with Rule 1925(b), and the PCRA court [] filed an opinion.

*Id.* (citations and footnotes omitted). This Court affirmed the PCRA court's dismissal of Appellant's first PCRA petition on November 15, 2011.

On June 25, 2015, Appellant filed a second PCRA petition on June 25, 2015; however, the document was titled a petition for writ of *habeas corpus*.[2] On March 15, 2016, the PCRA court sent a Rule 907 Notice to Appellant finding that the petition failed to satisfy any of the timeliness exceptions to the PCRA. **See** 42 Pa.C.S.A. § 9545(b). On April 15, 2016, the PCRA court dismissed Appellant's PCRA petition. Appellant filed a timely notice of appeal on May 10, 2016. After the trial court directed compliance with Pa.R.A.P. 1925(b), Appellant filed a concise statement on May 23, 2016. The PCRA court issued an opinion on July 7, 2016.

Before this Court addresses the merits of Appellant's issues,[3] we must determine whether this Court can entertain Appellant's appeal. The PCRA's

---

[2] It is irrelevant that Appellant styled his petition as a writ of *habeas corpus*. The PCRA has subsumed *habeas* relief. **See** 42 Pa.C.S.A. § 9542.

[3] Appellant raises the following issues on appeal, which we quote verbatim

Was trial Counsel ineffective for failure to "object" when Commonwealth's Prosecutor gave faulty jury instructions" Was trial counsel ineffective for failure to call upon character witnesses for defendant? YES! Was trail counsel ineffective for failure to impeach Commonwealth's witness? AFFIRMATIVE! DID THE PROSECUTOR COMMIT A <u>BRADY</u> VIOLATION FOR

*(Footnote Continued Next Page)*

jurisdictional timeliness provision requires that a petitioner must file a petition within one year of the date on which his judgment of sentence becomes final, or plead and prove the applicability of one of the three statutory exceptions to the one-year time bar. 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). Failure to do so deprives the PCRA court of jurisdiction to entertain the petition. ***Id.***

Appellant's PCRA petition is facially untimely. Appellant's judgment of sentence became final 90 days following our Supreme Court's denial of his allocatur petition on March 12, 2008. Appellant's second PCRA petition was filed on June 25, 2015. Neither in Appellant's PCRA petition nor in the litany of documents he filed in this Court does Appellant discuss the timeliness of his PCRA petition. Therefore, Appellant failed to plead and prove one of the timeliness exceptions to the PCRA, and the PCRA court properly dismissed the petition for want of jurisdiction.

Order affirmed.

---

*(Footnote Continued)* ————————

    FAILURE TO DISCLOSE FAVORABLE EXCULPATORY EVIDENCE? Upon request in all Court cases, the Commonwealth shall disclose to the Defense all evidence. Police reports favorable to the defendant were suppressed by the assistant district attorney. A prosecutor is unquestionably required to disclose information which may be favorable to the defense.

Appellant's Brief at 1 (sic).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/22/2017</u>