J-S60026-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ULYSSES S. DIAZ, | : | |
| | : | |
| Appellant | : | No. 193 WDA 2017 |

Appeal from the PCRA Order January 5, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000652-2010

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY DUBOW, J.:                FILED OCTOBER 04, 2017

Appellant, Ulysses S. Diaz, appeals from the Order entered in the Erie County Court of Common Pleas dismissing his Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely.  After careful review, we affirm.

On September 16, 2010, a jury convicted Appellant of Attempted Robbery and related offenses.  The trial court sentenced him on November 12, 2010, and this Court affirmed the Judgment of Sentence. Commonwealth v. Diaz, 37 A.3d 1233 (Pa. Super. 2011) (unpublished memorandum).  Appellant did not file a Petition for Allowance of Appeal ("PAA") with our Supreme Court at that time.  Instead, he filed a PCRA

_____

* Former Justice specially assigned to the Superior Court.

Petition in which he sought, and was granted, the reinstatement of his right to file a PAA with our Supreme Court.

On May 23, 2013, Appellant filed a counseled PAA with the Pennsylvania Supreme Court, which was denied on September 17, 2013. Commonwealth v. Diaz, 74 A.3d 1029 (Pa. 2013).[1]  Appellant did not file a Petition for Writ of Certiorari with the U.S. Supreme Court.  His Judgment of Sentence, thus, became final ninety days later on December 16, 2013.  See 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13.  Pursuant to 42 Pa.C.S. § 9545(b)(1) and (3), Appellant had one year within which to file a PCRA Petition, i.e., no later than December 16, 2014.

On January 2, 2015, Appellant mailed the instant PCRA Petition pro se from prison, which the clerk of the Erie County court of common pleas ("CCP") docketed on January 6, 2015.  The PCRA court appointed counsel, who subsequently filed a no-merit letter and a Petition for Leave to Withdraw as Counsel.  On December 13, 2016, the PCRA court issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss and granted counsel's Petition for Leave to Withdraw.  On January 6, 2017, the PCRA court dismissed the PCRA Petition as untimely.  Appellant timely appealed.

Appellant now asserts, without citing to relevant authority, that the PCRA court erred in dismissing his Petition as untimely because the Supreme

_____

[1] The Erie County CCP clerk docketed the Supreme Court's Order on October 7, 2013.

Court's denial of his PAA became "operative" on October 7, 2013, when the Erie County CCP clerk docketed the Supreme Court's September 17, 2013 Order. See Appellant's Brief at 4. According to Appellant, his Judgment of Sentence, thus, became final on January 5, 2014, and he then had until January 5, 2015, to file a PCRA Petition. Appellant contends that because he mailed his PCRA Petition from prison on January 2, 2015, it was timely filed pursuant to the Prisoner Mailbox Rule.

A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. Commonwealth v. Albrecht, 994 A.2d 1091, 1093 (Pa. 2010). Moreover, "the PCRA confers no authority upon [appellate courts] to fashion ad hoc equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." Commonwealth. v. Hackett, 956 A.2d 978, 983–84 (Pa. 2008).

Appellant cites no legal authority to support his contention that the date on which the local clerk of courts docketed its copy of a Supreme Court Order equates to the "conclusion of direct review" so as to be the date on which his Judgment of Sentence became final. As detailed above, pursuant

to the plain language of the PCRA, Appellant had until December 16, 2014, to file his PCRA Petition. His filing on January 2, 2015, was, therefore, untimely.

Appellant has not attempted to plead or prove that his Petition falls within the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1). Because no court has jurisdiction to hear an untimely PCRA Petition, the PCRA court properly dismissed the Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/4/2017