J-S48021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LYNN ALAN PADGETT | |
| Appellant | No. 1071 MDA 2016 |

Appeal from the PCRA Order June 9, 2016
In the Court of Common Pleas of Bradford County
Criminal Division at No: CP-08-CR-0000888-1997

BEFORE:  OTT, STABILE, and PLATT,[*] JJ.

JUDGMENT ORDER BY STABILE, J.:             **FILED OCTOBER 16, 2017**

Appellant, Lynn Alan Padgett, appeals *pro se* from the June 9, 2016 order entered in the Court of Common Pleas of Bradford County ("PCRA court") dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, as untimely.  Upon review, we affirm.

The instant PCRA petition filed by Appellant is his seventh such petition.  On August 17, 2015, this Court affirmed the dismissal of Appellant's sixth PCRA petition.  **See Commonwealth v. Padgett**, 516 MDA 2014, at 2-3 (Pa. Super. August 17, 2015) (unpublished memorandum).  Appellant filed the instant petition on November 30, 2015.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Before this Court can address the merits of Appellant's issues,[1] we must determine whether this Court can entertain Appellant's appeal. In order to meet the PCRA's jurisdictional timeliness requirements, a petitioner must file a petition within one year of the date on which his judgment of sentence becomes final, or plead and prove the applicability of one of the three statutory exceptions to the one-year time bar. 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). If the timeliness provision is not met, the PCRA court is without jurisdiction to entertain the petition. **Id.**

Appellant's PCRA petition is facially untimely. Appellant's judgment of sentence became final on November 9, 2001. The instant PCRA petition was filed on November 30, 2015. Appellant's brief fails to discuss how he met the timeliness exception to the PCRA other than to proclaim boldly that he met it, without explanation. Thus, Appellant failed to plead and prove one of the timeliness exceptions to the PCRA, and the PCRA court properly dismissed the petition for want of jurisdiction.

---

[1] Appellant raises fourteen issues including actual innocence, timeliness of his petition, prosecutorial misconduct, manifest injustice, abandonment of counsel, ineffective assistance of counsel, and that his guilty plea was entered involuntarily. **See** Appellant's Brief at 4-5.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2017