J-S76009-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM SHOULDERS, | |
| Appellant | No. 218 WDA 2018 |

Appeal from the PCRA Order Entered January 18, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0000573-2000
CP-02-CR-0012457-1999

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:                FILED FEBRUARY 19, 2019

Appellant, William Shoulders, appeals pro se from the post-conviction court's January 18, 2018 order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

Briefly, on May 25, 2001, a jury convicted Appellant of one count of first-degree murder and other related offenses.  On August 6, 2001, Appellant received a sentence of life imprisonment without the possibility of parole for his first-degree murder conviction.  This Court affirmed his judgment of sentence on February 6, 2006.  Commonwealth v. Shoulders, 897 A.2d 522 (Pa. Super. 2006) (unpublished memorandum).  Subsequently, Appellant filed a petition for allowance of appeal with our Supreme Court, which was

denied on May 25, 2006. See Commonwealth v. Shoulders, 899 A.2d 1123 (Pa. 2006). Therefore, Appellant's judgment of sentence became final on August 23, 2006, when the time for filing a petition for writ of certiorari to the U.S. Supreme Court expired. See 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); U.S.Sup.Ct.R. 13 (providing that "[a] petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review").

On November 24, 2017, Appellant filed pro se his third PCRA petition.[1] On December 19, 2017, the PCRA court filed a Pa.R.Crim.P. 907 notice that it intended to dismiss his petition as untimely. Appellant did not file a response. On January 18, 2018, the PCRA court entered an order dismissing his petition. Appellant filed a timely notice of appeal on February 5, 2018. Thereafter, on February 20, 2018, the PCRA court directed him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-

_____

[1] While the PCRA court refers to this petition as Appellant's fourth, we note that Appellant's initial PCRA petition filed on February 12, 2004, sought reinstatement of his appellate rights, which was subsequently granted.

one days.  Appellant's Rule 1925(b) statement was entered on the docket on

March 14, 2018.[2]

Presently, Appellant raises the following issues for our review:

1. Whether the prosecutor committed error by denying [Appellant] access to the clothing worn by the victim, as requested in [Appellant's] motion for discovery filed prior to trial[.]

2. Whether the prosecutor violated discovery rules by not providing the clothing worn by the victim as requested in [Appellant's] motion for discovery.

3. Whether the prosecutor denied [Appellant] [d]ue [p]rocess by denying access to evidence needed for [Appellant's] trial preparation.

4. Whether Appellant's PCRA [petition] should be heard to prevent a miscarriage of justice.

Appellant's Brief at v.   In sum, all of Appellant's issues pertain to the

Commonwealth's not providing Appellant with the victim's clothing.

At the outset, we note that our standard of review regarding an order

denying post-conviction relief is whether the findings of the court are

"supported by the record and free of legal error."   Commonwealth v.

Albrecht, 994 A.2d 1091, 1093 (Pa. 2010) (citations omitted).   We must

_____

[2] Although Appellant's Rule 1925(b) statement was due on March 13, 2018, and appears untimely on its face, we note that, "in the interest of fairness, the prisoner mailbox rule provides that a pro se prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." Commonwealth v. Chambers, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted).  Here, Appellant's Rule 1925(b) statement was received by the clerk of courts and docketed on March 14, 2018, the day after it was due. Nevertheless, we presume that Appellant must have delivered his Rule 1925(b) statement to prison authorities for mailing by at least March 13, 2018, which would render his Rule 1925(b) statement timely filed.

begin by addressing the timeliness of Appellant's petition because "[t]he PCRA's time restrictions are jurisdictional in nature. ... Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Id.* (citations omitted). With respect to timeliness, the PCRA provides, in pertinent part, the following:

(b) Time for filing petition.--

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2).

In this case, as stated above, Appellant's judgment of sentence became final on August 23, 2006. Therefore, his present petition, filed on November

- 4 -

24, 2017, is plainly untimely, and Appellant must meet one of the exceptions to the timeliness requirement set forth in section 9545(b)(1)(i)-(iii), supra.

In his PCRA petition, Appellant asserts that he is eligible for relief under section 9545(b)(1)(ii) as "[t]he facts upon which the claims is [sic] predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." Appellant's PCRA Petition, 11/24/2017, at 3. However, Appellant does not argue that this exception applies in his brief.[3] In fact, the assertions in his brief undermine the relevancy of this exception. Namely, Appellant argues that:

> The defense [m]ade a written motion for discovery prior to trial[, s]pecifically requesting the clothing worn by the victim for the purpose of having the clothing analyzed by [the] defense expert. The prosecutor did not respond to this specific request for the clothing. The prosecutor's non[-]response to the defense's specific request for the clothing violated [A]ppellant's constitutional right to due process.

Appellant's Brief at 5 (internal citation omitted). This argument shows that the facts upon which Appellant's claims are predicated have been known, or could have been ascertained, by Appellant. Thus, section 9545(b)(1)(ii) is not met. Moreover, Appellant does not contend that any of the other exceptions under section 9545(b)(1) pertain to his claims, and our own review of the record does not indicate that any of those exceptions apply. Therefore, we

---

[3] Instead, in his brief, Appellant avers that "his petition should be heard to prevent a miscarriage of justice." Appellant's Brief at 5. Such an allegation, however, does not constitute an exception under section 9545(b)(1).

- 5 -

conclude that Appellant's PCRA petition is time-barred and was properly dismissed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2019