J-S12004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER LEE SIRMONS | : | |
| | : | |
| Appellant | : | No. 1832 MDA 2018 |

Appeal from the PCRA Order Entered October 24, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0005197-2012

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:          **FILED: MARCH 27, 2019**

Christopher Lee Sirmons appeals *pro se* from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

In 2013, a jury convicted Appellant of possession with intent to deliver a controlled substance and related offenses.  The trial court sentenced him to an aggregate prison term of four to ten years.[1]  This Court affirmed the judgment of sentence.  ***See Commonwealth v. Sirmons***, 104 A.3d 46 (Pa.Super. 2014) (unpublished memorandum).  Appellant did not seek further direct review.  Appellant filed a timely PCRA petition, which was dismissed in 2015.  He did not appeal the dismissal.  In 2017, Appellant filed his second

---

[1] This was a standard range sentence with a youth/school enhancement under the sentencing code in effect at the time Appellant was sentenced.

PCRA petition, which was dismissed in 2018. This Court affirmed the dismissal of his second petition. *See Commonwealth v. Sirmons*, 198 A.3d 437 (Pa.Super. 2018) (unpublished memorandum).

On September 27, 2018, Appellant filed the instant *pro se* petition, his third. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, and Appellant filed a response thereto. On October 24, 2018, the PCRA court entered an order dismissing Appellant's petition on the basis that it was filed beyond the PCRA's one-year time bar, and Appellant had failed to prove that the untimeliness was excused under any of the exceptions provided by 42 Pa.C.S. § 9545(b)(1).[2] Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[3]

In reviewing the dismissal of a PCRA petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007) (citations

---

[2] Section 9545(b)(1) provides three exceptions to the PCRA's timeliness requirements if the petitioner can plead and prove (i) the failure to raise the claim previously was the result of interference; or (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (iii) the right asserted is a constitutional right recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania, and held to apply retroactively. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Appellant invoked the timeliness exceptions at § 9545(b)(1)(i) and (ii).

[3] The PCRA court described Appellant's concise statement as "extensive and incoherent." PCRA Court Opinion, 1/2/19, at unnumbered 2.

omitted). Additionally, under the PCRA, any petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id*. at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's judgment of sentence became final on June 12, 2014, when the period of time to file a petition for allowance of appeal with our Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3). Appellant had until June 12, 2015, to file the instant PCRA petition, but did not do so until September 27, 2018. Thus, Appellant's petition is facially untimely under the PCRA. Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the appellant can plead and prove one of three exceptions set forth under § 9545(b)(1). Any PCRA petition invoking a timeliness exception must be filed within one year of when the petition could have first been presented. *Id*. at § 9545(b)(2).

From what we are able to discern,[4] Appellant is attempting to invoke the timeliness exceptions set forth at § 9545(b)(1)(i) and (ii). With respect to his claim that his filing delay was caused by governmental interference under subsection (b)(1)(i), he references evidence "illegally" handled "outside of its region" in 2012. Appellant's brief at unnumbered 1-2. As to his claim that his filing delay was caused by unknown facts under subsection (b)(1)(ii), Appellant claims that he is unable to read or write, and suffers from mental illness. *Id*. at unnumbered 3-4. Appellant, however, provides no meaningful discussion as to how either of the exceptions applies to the instant petition. *See Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2008) (holding that it is the petitioner's burden to allege and prove the applicability of a timeliness exception). Thus, he has failed to meet his burden of proving the applicability of either of the timeliness exceptions.

As Appellant has not offered the proof required to satisfy any timeliness exception, we find ample support for the PCRA court's determination that Appellant's petition is untimely, and that it lacked jurisdiction to address it.

Order affirmed.

---

[4] Appellant's brief fails to conform to our appellate rules. *See* Pa.R.A.P. 2101. It lacks a statement of jurisdiction. *See* Pa.R.A.P. 2114. It does not identify the order appealed from. *See* Pa.R.A.P. 2115. It contains no statement of the questions involved. *See* Pa.R.A.P. 2116. There is no statement of the case, *see* Pa.R.A.P. 2117, nor summary of the argument, *see* Pa.R.A.P. 2118. While Appellant's brief includes an "argument," *see* Pa.R.A.P. 2119, it consists of five pages of bullet points which are disjointed and incoherent. We decline, however, to dismiss the appeal on these bases. *See* Pa.R.A.P. 2101.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>03/27/2019</u>