J-S38025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KATHY WEISS | : | |
| | : | |
| Appellant | : | No. 1462 EDA 2022 |

Appeal from the PCRA Order Entered April 29, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1204491-1996

BEFORE: KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.: **FILED DECEMBER 14, 2022**

Kathy Weiss (Appellant) appeals *pro se* from the order dismissing as untimely filed her third Post Conviction Relief Act (PCRA)[1] petition. After careful review, we affirm.

In 1997, following a bench trial, Appellant was convicted of robbery, burglary, theft, possessing an instrument of crime, unlawful restraint, and criminal conspiracy. The trial court imposed an aggregate sentence of thirty-five to seventy years in prison. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal on February 17, 2000. **See Commonwealth v. Weiss**, 742 A.2d 1154 (Pa. Super. 1999) (unpublished memorandum), **appeal denied**, 751 A.2d 190 (Pa. 2000).

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

In March 2001, Appellant filed her first PCRA petition alleging ineffective assistance of counsel. The PCRA court dismissed the petition; this Court affirmed the dismissal order; the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Weiss*, 844 A.2d 1290 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 858 A.2d 110 (Pa. 2004). Appellant's second, *pro se* PCRA petition, filed on August 13, 2013, similarly failed to secure relief. *See Commonwealth v. Weiss*, 161 A.3d 392 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 170 A.3d 990 (Pa. 2017).

Appellant filed the instant *pro se* PCRA petition on December 26, 2018, and a *pro se* amended petition on July 17, 2019. On April 29, 2022, after appropriate notice under Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's petition as untimely filed. Thereafter, Appellant filed the instant timely appeal. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

A. Did the PCRA court err in denying relief to the Appellant as she received ineffective assistance of counsel at trial and in all post-conviction proceedings in that no attorney representing her properly preserved the issues of disparate sentences between her and her codefendant and [counsel] failed to object to the aggregate[] sentence she received [as] being outside the PA guideline[s]?

B. Did the PCRA [court] and every other appellate court err in denying Appellant relief as she is elderly and in need of translation for all proceedings to this day?

Appellant's Brief at 4.

Before addressing Appellant's issues, we must ascertain whether Appellant timely filed her instant PCRA petition. Under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filled within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Appellant's present petition, filed more than two decades after her judgment of sentence became final, is facially untimely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b). However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Appellant invokes the newly discovered facts exception enumerated at Section 9545(b)(1)(ii). *See* PCRA Court Opinion, 4/29/22, at 1 (unnumbered).

To invoke the newly discovered facts exception, the petitioner must plead and prove "that there were 'facts' that were 'unknown' to h[er] and that [s]he exercised 'due diligence'" in the discovery of those

facts. *Commonwealth v. Bennett*, 930 A.2d 1264, 1270 (Pa. 2007). The "petitioner must explain why [s]he could not have obtained the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010). Finally, the petitioner must raise the claim within one year from the time the claim could have been raised. 42 Pa.C.S.A. § 9545(b)(2).

In her brief, Appellant does not argue she has met the newly discovered facts exception. In her first issue, Appellant claims prior counsel rendered ineffective assistance by not preserving a challenge to the discretionary aspects of her sentence. Appellant's Brief at 13 (arguing Appellant's counsel filed a deficient statement of reasons for allowance of appeal from the discretionary aspects of sentencing); *see also* Pa.R.A.P. 2119(f) (requiring a separate statement of reasons for allowance of appeal from the discretionary aspects of sentencing). Appellant argues all prior counsel failed to preserve her discretionary aspects of sentencing challenge. *Id.* at 14. According to Appellant, the trial court improperly sentenced her codefendant to serve no more than 15 years in prison, but sentenced her to 35 to 70 years in prison. *Id.* at 16. Appellant asserts the sentencing court abused its discretion when it relied on prior bad acts in determining her sentence. *Id.* at 17.

In her second issue, Appellant asserts all prior courts wrongly denied her relief, "as she is elderly and in need of translation for all proceedings[.]" *Id.* at 18. Appellant argues "[s]he was not afforded a fair trial if she was not

- 4 -

able to understand proceedings and the chance to speak before the court and participate in her own defense." *Id.* at 19.

Appellant's issues do not implicate the newly discovered facts exception to the PCRA's timeliness requirement. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) ("a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits."). Further, Appellant failed to prove she timely filed the instant petition within one year of becoming aware of the "newly discovered fact" of counsel's alleged ineffectiveness. *See* 42 Pa.C.S.A. § 9545(b); *Albrecht*, 994 A.2d at 1094. Consequently, the PCRA court properly dismissed Appellant's instant petition as untimely filed, and not subject to any of the PCRA's timeliness exceptions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2022