J-S31041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON WHEELER | : | |
| | : | |
| Appellant | : | No. 338 EDA 2023 |

Appeal from the PCRA Order Entered January 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0117782-1992

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:             **FILED DECEMBER 11, 2023**

Aaron Wheeler appeals *pro se* from the order denying his Post Conviction

Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Wheeler argues

that the court erred in dismissing his petition as untimely. We affirm.

A jury found Wheeler guilty of second-degree murder and other related

crimes in 1993. The court imposed a sentence of life imprisonment. We

affirmed the judgment of sentence, and in 1995, our Supreme Court denied

Wheeler's petition for allowance of appeal. **See Commonwealth v. Wheeler**,

645 A.2d 853 (Pa.Super. 1994), *appeal denied*, **Commonwealth v.**

**Wheeler**, 656 A.2d 118 (Table) (Pa. filed March 6, 1995).

Wheeler filed the instant *pro se* PCRA petition on April 16, 2021, and an

amended PCRA petition on June 25, 2021. He claimed that the trial court

lacked subject matter jurisdiction. The PCRA court issued a Rule 907 notice of

its intent to dismiss the petition. **See** Notice Pursuant to Pennsylvania Rule of

Criminal Procedure 907, filed 12/6/22; Pa.R.Crim.P. 907(1). The court explained that Wheeler's petition was untimely and did not satisfy any time-bar exception. *See id.* Wheeler filed a response to the court's Rule 907 notice but did not address the timeliness of his petition. *See* Judicial Notice Pursuant to Pennsylvania Rules of Evidence 201; Alternatively, Objection to Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, filed 12/21/22. The court dismissed Wheeler's PCRA petition, and this timely appeal followed.

Wheeler raises the following issue: "Whether [the] court committed reversible error and abused discretion in dismissing PCRA/*Habeas Corpus* as untimely when no case under bill number CP-51-CR-0117782-1992 has even been filed and brought against [Wheeler] as the absence of entry in official record shows?" Wheeler's Br. at III (suggested answer omitted and unnecessary capitalization removed).

"When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa.Super. 2018) (citation omitted).

A PCRA petition must be filed within one year after the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** at § 9545(b)(3). When a petitioner files a petition beyond the

one-year deadline, the petitioner must plead and prove at least one of the time-bar exceptions. *See id.* at § 9545(b)(1)(i)-(iii). These exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition raising one of the above exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2). A court may not address the merits of an untimely PCRA petition unless the petitioner has pled and proven at least one of the time-bar exceptions. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

The PCRA court properly dismissed Wheeler's petition as untimely. Wheeler's judgment of sentence became final on June 5, 1995, when his time to file a petition for a writ of *certiorari* to the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13; 1 Pa.C.S.A. § 1908. Wheeler, therefore, had until June 5, 1996, to file a timely PCRA petition. As such, the instant petition filed in 2021, was facially untimely and the PCRA court lacked jurisdiction to review Wheeler's claim unless he pleaded and proved one of the time-bar exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Here, Wheeler did not

attempt to assert any time-bar exception in his PCRA petition. The PCRA court therefore properly dismissed his petition as untimely.

Order affirmed. Application denied as moot.[1]

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/11/2023

---

[1] Wheeler filed a Motion for Special Relief, asking this Court to hold a hearing on the authenticity of the criminal complaint. **See** Motion for Special Relief, filed 8/31/23. We deny the motion as moot.