J-S47013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LEWIS RICKEY TUCKER, JR. :
:
Appellant : No. 1393 EDA 2023

Appeal from the PCRA Order Entered May 2, 2023
In the Court of Common Pleas of Wayne County
Criminal Division at No: CP-64-CR-0000083-2018

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED FEBRUARY 22, 2024**

Appellant, Lewis Rickey Tucker, Jr., appeals from the May 2, 2023 order of the Court of Common Pleas of Wayne County, which denied his second amended petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The factual and procedural background of the instant appeal is not at issue. On November 15, 2019, Appellant entered a negotiated *nolo contendere* plea to third-degree murder in exchange for a sentence of fifteen to thirty years.[1] On December 26, 2019, he was sentenced in accordance with the negotiated agreement. No direct appeal was filed.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The remaining sixteen charges against Appellant were withdrawn by the Commonwealth pursuant to the negotiated agreement.

On September 14, 2020, Appellant filed a timely *pro se* PCRA petition asserting ineffective assistance of counsel for failing to file a suppression motion, as well as other claims of general dissatisfaction with representation. On December 2, 2022, Appellant filed a *pro se* amended PCRA petition asserting ineffective assistance of counsel for failing to file a post-sentence motion and/or direct appeal. Thereafter, PCRA counsel was appointed.[2] A second amended PCRA petition and request for evidentiary hearing was filed on March 30, 2023. Following an evidentiary hearing, the trial court denied Appellant's PCRA petition. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises a single issue:

> Did the PCRA court err in denying the Appellant's Post-Conviction Relief claim where the Appellant testified that he requested trial counsel to pursue a direct appeal within the requisite time period and that the request was ignored or rejected by trial counsel?

Appellant's Brief at 4.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *See, e.g., Commonwealth v. Albrecht*, 994 A.2d 1091 (Pa. 2010). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard

---

[2] There is no explanation for why PCRA counsel was not appointed upon the initial filing.

of review to the PCRA court's legal conclusions." ***Commonwealth v. Roney***, 79 A.3d 595, 603 (Pa. 2013) (citing ***Commonwealth v. Spotz***, 18 A.3d 244 (Pa. 2011)).

With respect to ineffectiveness claims, our Supreme Court has explained:

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different. A PCRA petitioner must address each of these prongs on appeal. A petitioner's failure to satisfy any prong of this test is fatal to the claim.

***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (internal citations and quotations omitted).

Further, an appellant is entitled to reinstatement of direct appellate rights where an attorney fails to file a *requested* appeal. ***Commonwealth v. Markowitz***, 32 A.3d 706, 714 (Pa. Super. 2011). When an appeal is *not requested*, counsel may be ineffective if he does not consult with his client about their appellate rights. ***Id.*** Our Supreme Court explained:

> [C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination,

courts must take into account all the information counsel knew or should have known.

***Commonwealth v. Touw***, 781 A.2d 1250, 1254 (Pa. Super. 2001) (citing ***Roe v. Flores-Ortega***, 528 U.S. 470, 480 (2000)).

"A deficient failure on the part of counsel to consult with the defendant does not automatically entitle the defendant to reinstatement of his or her appellate rights." ***Touw***, 781 A.2d at 1254. Rather, a defendant must establish prejudice. ***Id.*** "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." ***Id.*** (citing ***Flores-Ortega***, 528 U.S. at 484).

Here, the PCRA Court conducted an evidentiary hearing wherein both Appellant and trial counsel testified. Appellant testified that he requested trial counsel to file a direct appeal during a phone call after sentencing. N.T. PCRA Hearing, 5/1/23, at 8-9. He wanted to appeal because he received a longer sentence than his co-defendants. ***Id.*** at 10. Appellant stated that trial counsel told him there was no reason to appeal. ***Id.*** at 9-10. During the PCRA hearing, trial counsel explained that the Commonwealth initially offered twelve to twenty-four years if Appellant would testify against his co-defendants. ***Id.*** at 16-17. Appellant refused. ***Id.*** at 17. The Commonwealth and trial counsel ultimately agreed upon fifteen to thirty years, which was accepted by Appellant. ***Id.*** at 17-18. There was no written communication regarding an appeal. ***Id.*** at 21, 23. Trial counsel testified that he did not recall a specific

conversation with Appellant about filing an appeal. *Id.* at 19, 21. However, he stated that it was his practice to file an appeal if requested by a client. *Id.* at 19-20.

Following the hearing, the PCRA court issued an opinion and order denying Appellant's petition. The PCRA court found trial counsel's testimony to be credible, and that Appellant failed to present evidence, other than his own testimony, that he requested trial counsel to file an appeal. Although the record indicates that Appellant was not completely satisfied with trial counsel's representation, Appellant fully understood that he was entering into a negotiated agreement. In addition to executing an extensive ten-page written colloquy, both the Commonwealth and defense counsel conducted an oral colloquy on the record. N.T. Plea Hearing, 11/15/19, at 7-17. Pertinent to the issue here:

> Q: Do you understand that part of the deal is the recommendation that this Court would impose a period of incarceration of not less than fifteen no[r] more than thirty years, do you understand that?
>
> A: Yes, I understand that.
>
> Q: And that's a recommended sentence higher than what we talked about when we were here yesterday, correct?
>
> A: Yes.
>
> * * * *
>
> Q: The numbers yesterday were not less than twelve no[r] more than twenty-four, correct?
>
> A: Yes.

Q:     But that required your cooperation and potentially your appearance at a trail [sic] to testify, correct?

A:     Yes.

Q:     And you relayed to me that you prefer not to do that, correct?

A:     Yes.

* * * *

Q:     Okay. Now, on paragraph thirty-six we went over this when I was down to see you at the Wayne County Prison on Wednesday, the question was are you satisfied with my representation, actually are you satisfied with the representation of your attorney and you said no, correct?

A:     Yes.

* * * *

Q:     Can you indicate to the Court the basis for your dissatisfaction with my representation?

A:     Just wasn't satisfied.

Q:     Okay, can you be more specific other than the fact that you weren't satisfied?

A:     The lack of communication and the representation I just wasn't satisfied with it so that's my opinion.

Q:     Okay. You're still prepared to enter the Nolo Contendere Plea that we just went over with the Court, correct?

A:     Yes.

* * * *

Q:     Mr. Tucker, despite your dissatisfaction with your counsel because you're objectively dissatisfied, is it your choice today freely, voluntarily, and knowingly to enter a plea to

> fifteen to thirty years and third degree murder, is that your choice?
>
> A:    Yes.

***Id.*** at 12-15.  Appellant chose not to speak at sentencing and did not raise any issues regarding the negotiated agreement or the term of his sentence. The trial court accepted the agreement, sentenced Appellant pursuant to said agreement, and advised Appellant of his post-sentence rights.   N.T. Sentencing, 12/26/19, at 6-8.

Based on a review of the record, we find that the trial court did not err when it denied Appellant's second amended PCRA petition.  Since Appellant received the negotiated sentence, there was no rational reason for trial counsel to believe that Appellant wished to file a direct appeal.  Further, Appellant failed to show that counsel's omission violated the constitutionally-imposed duty to consult with him about an appeal; therefore, we conclude that Appellant failed to prove trial counsel's ineffectiveness.  ***Touw***, ***supra***. Additionally, we are bound by the credibility determinations of the trial court and agree with the trial court's finding that Appellant failed to reasonably demonstrate that he requested trial counsel to file a direct appeal. ***Roney***, ***supra***.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/22/2024