J-S08011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES SMITH, | |
| Appellant | No. 4091 EDA 2017 |

Appeal from the PCRA Order Entered December 11, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0513651-2000

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and STEVENS,  P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:            **FILED APRIL 25, 2019**

Appellant, Charles Smith, appeals *pro se* from the post-conviction court's December 11, 2017 order dismissing, as untimely, his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The trial court summarized the procedural and factual history of this case as follows:

### I. **Procedure**

In December of 2017, this [c]ourt dismissed as untimely the third petition for post-conviction relief that was filed by [Appellant] in August of 2017.[1]  [Appellant] then filed an appeal from this

---

[*] Former Justice specially assigned to the Superior Court.

[1] Before dismissing Appellant's third petition, the PCRA court gave him Pa.R.Crim.P. 907 notice of its intent to dismiss his petition.  Appellant did not file a response.

[c]ourt's December 2017 order that dismissed his PCRA [p]etition[, which is the subject of this present appeal].

In December of 2001, this [c]ourt filed an opinion in support of [Appellant's] judgment of sentence that was affirmed by the Superior Court in a memorandum decision in October [of] 2002. [Appellant] filed a petition for allowance of appeal with the [Pennsylvania] Supreme Court, which was denied in September of 2003. *Commonwealth v. Smith*, 815 A.2d 1131 (Pa. Super. 2002) (unpublished memorandum)[,] *appeal denied*, 833 A.2d 142 (Pa. 2003). [Appellant] then had ninety … days to file a petition with the U.S. Supreme Court. [Appellant] did not file a petition with the U.S. Supreme Court, and [Appellant's] judgment of sentence became final in December of 2003 — ninety … days after his right to petition the U.S. Supreme Court expired.

[Appellant] filed his first petition under the [PCRA] in December of 2004. This [c]ourt dismissed that petition as untimely in January of 2006, and it entered an opinion in June of 2006. The Superior Court affirmed [the] dismissal of [Appellant's] first petition in *Commonwealth v. Smith*, 928 A.2d 1129 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 931 A.2d 658 (Pa. 2007). [Appellant] then filed a second [PCRA] petition in May of 2012[,] which this [c]ourt dismissed as untimely in September of 2013. This [c]ourt authored an opinion that was filed in June of 2014, and the Superior Court affirmed that decision in *Commonwealth v. Smith*, [131 A.3d 88 (Pa. Super. 2015) (unpublished memorandum)], *appeal denied*, … 134 A.3d 56 ([Pa.] 2016).

## II. **Facts**[]

After a one-day bench trial on April 24, 2001, [Appellant] was convicted of Aggravated Assault, Burglary, Criminal Trespass, Possession of an Instrument of a Crime, Unlawful Restraint, Simple Assault, Reckless Endangerment of Another Person, and False Imprisonment.[2] The Commonwealth's case against [Appellant] arose from allegations that he attacked his life-long acquaintance and former girlfriend, Rurri Blake. To briefly summarize the essence of the facts supporting [Appellant's] judgment of sentence in the most concise form:

---

[2] For these offenses, Appellant received an aggregate term of 20½-41 years' imprisonment.

On June 29, 1997, at approximately 8:00 a.m., [Ms.] Blake[] was in the bathroom of her apartment getting herself ready to attend church. While in the bathroom, [Ms. Blake] heard a noise. As she walked down the hallway, she saw [Appellant] coming towards her…[.] As she cursed at [Appellant], he punched her in the face. A brief struggled ensued, and [Appellant] pushed [Ms. Blake] down onto her bed. While on top of her, [Appellant] proceeded to choke [her] with both hands. [Ms. Blake] could not breathe and shortly became unconscious. She gained consciousness upon feeling [Appellant's] stabbing her repeatedly with a steak knife.

[Appellant] picked up [Ms. Blake's] daughter and placed them both in her bedroom. [Ms. Blake] was trapped in her bedroom with her daughter for approximately four days until a police officer arrived….

PCRA Court Opinion (PCO), 4/24/2018, at 1-2 (some internal citations omitted).

As mentioned by the PCRA court, Appellant filed a timely notice of appeal from its order dismissing his third petition as untimely. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant presently raises the following issues on appeal:

I. Was the PCRA court the proper court to submit newly discovered evidence, with jurisdiction over such matters?

II. Did the PCRA court abuse its discretion by dismissing [Appellant's] PCRA petition without the benefit of an evidentiary hearing and stating [the] PCRA petition was untimely when case law supporting [Appellant's] claim was submitted, along with new evidence within the proper time constraints?

III. Did the court err in stating [Appellant] had not invoked any exception to the one[-]year jurisdictional timeliness requirement of the PCRA?

IV. Did the PCRA court err by dismissing [Appellant's] prior PCRA issues despite the weight of the evidence presented without the benefit of an evidentiary hearing?

Appellant's Brief at 5 (unnecessary capitalization omitted).

At the outset, we note that our standard of review regarding an order denying post-conviction relief is whether the findings of the court are "supported by the record and free of legal error." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citations omitted). We must begin by addressing the timeliness of Appellant's petition because "[t]he PCRA's time restrictions are jurisdictional in nature. … Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Id.*** (citations omitted). With respect to timeliness, the PCRA provides, in pertinent part, the following:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, at the time Appellant's petition was filed, Section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[3]

In this case, as stated above, Appellant's judgment of sentence became final in December of 2003. Therefore, his present petition, filed in August of 2017, is patently untimely, and Appellant must meet one of the exceptions to the timeliness requirement set forth in Section 9545(b)(1)(i)-(iii), *supra.*

Appellant advances numerous allegations and theories for why he satisfies the timeliness exceptions in his long-winded filings. We have gleaned the following claims therefrom: (1) the Commonwealth failed to share information it knew at the time of trial regarding Appellant's health and that his co-defendant's case had been dismissed because a witness had lied, **see** Appellant's Brief at 14; PCRA Petition, 8/12/2017, at ¶¶ 23, 33; (2) Appellant's trial counsel ineffectively failed to call Appellant's doctor to testify at trial, **see** Appellant's Brief at 15; PCRA Petition at ¶ 29; (3) Appellant's trial counsel ineffectively failed to investigate that Appellant had obtained a restraining order against a woman named Sandra Garruad in the month before the incident at issue, **see** Appellant's Brief at 18; PCRA Petition at ¶ 30; (4) the Commonwealth has failed to provide Appellant with access to his legal

---

[3] A recent amendment to Section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

materials, as corrections officers in his housing unit destroyed his entire legal file in 2008, *see* Appellant's Brief at 22; PCRA Petition at ¶ 40; (5) Appellant has obtained newly discovered medical records showing that, at the time of the incident, Appellant was recovering from a surgery, *see* Appellant's Brief at 14-16, 21, 22-23; PCRA Petition at ¶¶ 44-48, 51; and (6) Appellant has acquired newly discovered evidence from Valencia Roberts, a former resident of Ms. Blake's apartment building, stating that "the doors in the apartment building … were not able to be kicked in and that the police had to use battering rams to gain access[,]" *see* Appellant's Brief at 17; PCRA Brief at ¶ 43. We address the timeliness of each claim in turn.[4]

_____

[4] To the extent Appellant raises other claims, we deem them waived. *See In re S.T.S., Jr.*, 76 A.3d 24, 41 (Pa. Super. 2013) (finding waiver where the appellant's "discussion contained in the argument section of his brief addressing this issue is inadequate to provide meaningful appellate review. It is well settled that the argument portion of an appellate brief must be developed with pertinent discussion of the issue, which includes citations to relevant authority") (citations omitted). Further, it appears to us that Appellant raises certain issues in his brief that he did not set forth in his petition. *See* Appellant's Brief at 18-19 (challenging, among other things, the discretionary aspects of his sentence, the constitutionality of his extradition hearing, and the effectiveness of his first PCRA counsel). It is well-established that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." *See* Pa.R.A.P. 302(a). Further, if Appellant had raised these issues below, he does not point us to where he did so. *See* Pa.R.A.P. 2119(e) ("Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information.").

First, Appellant avers that the Commonwealth failed to share information it knew at the time of trial regarding Appellant's health and that his co-defendant's case had been dismissed because a witness had lied. *See* Appellant's Brief at 14; PCRA Petition at ¶¶ 23, 33. Appellant does not plead or prove how this specific claim overcomes the jurisdictional time-bar. Further, he does not contend that he filed his petition within 60 days of the date this claim could have been presented pursuant to Section 9545(b)(2). Thus, we do not have jurisdiction to review this issue.

Appellant's second and third claims allege the ineffectiveness of his trial counsel. Appellant says his counsel failed to call his doctor to testify at trial, and did not investigate a restraining order that Appellant had previously obtained against a woman named Sandra Garruad. Appellant's Brief at 15, 18; PCRA Petition at ¶¶ 29, 30.[5] Again, Appellant does not plead or prove how these particular claims meet a timeliness exception, and he does not state that he filed his petition within 60 days of the date these claims could have been presented pursuant to Section 9545(b)(2). Consequently, we do not have jurisdiction to review these issues.

Fourth, Appellant asserts that the Commonwealth has failed to provide him with access to his legal materials, as corrections officers in his housing unit destroyed his entire legal file in 2008. Appellant's Brief at 22; PCRA

_____

[5] Appellant explains that he could not protect himself against Ms. Garruad, who he alleges was a much smaller individual than Ms. Blake. *See* Appellant's Brief at 18; PCRA Petition at ¶ 30.

- 7 -

Petition at ¶ 40. Appellant does not plead or prove how this claim meets a timeliness exception under Section 9545(b)(1). Moreover, Appellant has seemingly waited nearly ten years to present this claim, and it consequently fails to satisfy Section 9545(b)(2). We therefore lack jurisdiction to review this issue.

Fifth, Appellant says he has obtained newly discovered medical records that support that, when the alleged events occurred, he "was still in the process of recovering and rehabbing" from an "invasive spinal surgery to remove tumorous growths and mass and to repair nerve damage that was hindering [his] mobility." Appellant's Brief at 16. Consequently, Appellant insisted in his petition that "his condition and physical weakness precluded him from traveling long distances and surely … breaking through a door…." PCRA Petition at ¶ 51. He avers that "[t]he medical reports were sent to him by Sheila Murdaugh. [Appellant] was unaware that emergency rooms kept records of all admissions." Appellant's Brief at 22-23.[6] He argues that this claim fulfills the newly-discovered facts exception pursuant to Section 9545(b)(1)(ii).

To qualify for the newly-discovered facts exception under Section 9545(b)(1)(ii), "a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by

---

[6] Appellant does not elaborate on how he knows Sheila Murdaugh.

the exercise of due diligence." ***Commonwealth v. Burton ("Burton II")***, 158 A.3d 618, 629 (Pa. 2017).[7]  Additionally, we note that "the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citation and internal quotation marks omitted).  Here, Appellant obviously has known that, at the time of his offenses, he was recovering from surgery and in poor physical condition.  Thus, these medical records are not a newly discovered fact, but instead constitute a newly discovered source for previously known facts.  ***See id.***  Further, in the exercise of due diligence, Appellant could have contacted his hospital or doctor at an earlier point in time, and ascertained if either kept medical records for him.  ***See Burton I***, 121 A.3d at 1071 ("[D]ue diligence … requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief.").  Finally, even if Section 9545(b)(1) were met, Appellant does not establish that he filed his petition within 60 days of the date this claim could

---

[7] Appellant discusses ***Burton II***, and this Court's decision in ***Commonwealth v. Burton ("Burton I")***, 121 A.3d 1063 (Pa. Super. 2015) (*en banc*), at length in his filings.  In ***Burton I***, this Court held that "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." ***Burton I***, 121 A.3d at 1071 (citations omitted).  Further, our Supreme Court subsequently granted review in that case, determining in ***Burton II*** that "the presumption that information which is of public record cannot be deemed 'unknown' for purposes of [S]ection 9545(b)(1)(ii) *does not apply* to *pro se* prisoner petitioners." ***Burton II***, 158 A.3d at 638 (emphasis in original).

have been presented pursuant to Section 9545(b)(2). Thus, this claim does not satisfy the newly-discovered facts exception, and we lack jurisdiction to review it.

Finally, in his last claim, Appellant avers that he has obtained an affidavit from Valencia Roberts, a woman who had lived in Ms. Blake's apartment building when the offenses took place, stating that the doors to the building "were not able to be kicked in and that the police had to use battering rams to gain access." Appellant's Brief at 17. She also conveyed that individuals must pass through a security door to gain entrance to the building. **Id.** According to Appellant, "[t]his poses a direct challenge to the testimony of how [he] allegedly gained entrance to the building and apartment." PCRA Petition at ¶ 49. He further argues that this claim meets the newly-discovered facts exception under Section 9545(b)(1)(ii).

At the outset, Appellant failed to allege in his petition specifically when he learned of the information contained in Valencia Roberts's affidavit. Instead, he stated:

> [Appellant] asserts that[,] although the affidavit was not[a]rized in December [of] 2015, and submitted in May [of] 2016, it had already been sent in to be preserved once it was received by [Appellant] to the Clerk of Courts and [the] PCRA [c]ourt by itself. [Appellant], however, does not have to have submitted anything because of the date it is marked. Information is tolled once [Appellant] learns of the document or information. Therefore, [p]etitioners have sixty days from that point to submit their findings to the [c]ourt….

PCRA Petition at ¶ 52.[8]  This explanation does not satisfy Section 9545(b)(2), which sets forth that "[a]ny petition invoking an exception … **shall** be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2) (emphasis added).  As Appellant does not allege when he learned of the information provided by Valencia Roberts in the affidavit, he has not demonstrated that he meets the 60-day filing requirement.

Moreover, Appellant has failed to allege and prove that this claim meets the due diligence requirement of the newly-discovered facts exception.  He asserts that, "prior to receiving the affidavit, [he] attempted to obtain repair records from the Philadelphia Housing Authority and records from the Department of Human Services.  The door should have needed repairs had it actually been kicked in or forced in some way. … These requests went unanswered and[,] therefore, were not among the items presented."  Appellant's Brief at 23.  In this way, Appellant indicates that he had previously been investigating the kicking in of the door.  Although the Philadelphia Housing Authority and Department of Human Services allegedly would not give Appellant the repair records, this does not explain why he could not have learned about the building's security and the fortitude of the doors earlier in

---

[8] Appellant modifies this explanation slightly in his brief, stating that Valencia Roberts sent the affidavit to the District Attorney's Office, Philadelphia County Clerk of Courts, and the PCRA court.  Appellant's Brief at 23.  However, he says that "[a]ll were returned to her and then to [Appellant] who then filed it once he received the information."  **Id.**  Appellant, however, does not provide us with a specific date for when he received the information.  This is particularly problematic given that the affidavit was notarized on December 30, 2015, and Appellant did not file his petition until August of 2017.

- 11 -

the exercise of due diligence. Had Appellant made reasonable efforts to uncover facts to support this claim, ***see Burton I***, 121 A.3d at 1071, he would have inquired about the building's security, looked into what the doors were made of, and reached out to residents of the building about their experiences there, none of which he did. Accordingly, this claim also fails to meet the newly-discovered facts exception. Therefore, we conclude that Appellant's PCRA petition is time-barred and was properly dismissed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/19