J-S19040-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAMON LUIS BENITEZ, | : | |
| | : | |
| Appellant | : | No. 2014 EDA 2018 |

Appeal from the PCRA Order Entered June 13, 2018
in the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003359-2001

BEFORE:     LAZARUS, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:              **FILED JULY 12, 2019**

Ramon Luis Benitez (Appellant) appeals *pro se* from the order entered on June 13, 2018, dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.   In addition, Appellant has filed an application for leave to file post-submission communication.   We affirm the order and deny Appellant's application.

On October 20, 2001, Appellant shot and killed Tyrone Gattis.   Appellant was arrested and charged with, *inter alia*, homicide and criminal conspiracy to commit homicide.   On June 20, 2002, a jury found Appellant guilty of first-degree murder and criminal conspiracy.   On June 24, 2002, Appellant was sentenced to a term of life imprisonment on the murder conviction, and a term of 20 to 40 years of imprisonment on the conspiracy conviction.   This Court affirmed Appellant's judgment of sentence on April 25, 2003.

_____
* Retired Senior Judge Assigned to the Superior Court.

***Commonwealth v. Benitez***, 828 A.2d 393 (Pa. Super. 2003) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court.

On August 29, 2012, Appellant filed *pro se* his first PCRA petition. Counsel was appointed and an evidentiary hearing was held. The PCRA court denied Appellant's petition on January 3, 2013. Appellant did not file an appeal.

On May 3, 2018, Appellant filed *pro se* the instant PCRA petition. On May 14, 2018, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response on June 8, 2018, and the PCRA court dismissed the petition on June 13, 2018. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[1]

On appeal, Appellant raises one issue, which we recite verbatim: "Whether this *pro se* brief upon appeal merit redress is a question of jurisdiction–and–the law." Appellant's Brief at III. In the argument section of his brief, Appellant mentions the jurisdiction of the PCRA court, a "public record safeguard" under ***Commonwealth v. Burton***, 158 A.3d 618 (Pa. 2017), his speedy trial rights pursuant to Pa.R.Crim.P. 600, an equal

---

[1] In its Rule 1925(a) opinion, the PCRA court directs us to its May 14, 2018 notice of intent to dismiss.

protection violation due to his inability to speak English, a purported "fatal variance" by the prosecution during trial, allegedly inconsistent evidence at trial, and allegedly improper jury charges. *Id.* at Leaf 1-3.[2]

Before we may address the merits of Appellant's claim, we must determine whether this PCRA petition was timely filed as it implicates our jurisdiction. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, the petition "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[3]

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Here, Appellant was sentenced in 2002. This Court affirmed his judgment of sentence in 2003, and his judgment of sentence became final after the expiration of time for seeking review with our Supreme Court.

---

[2] Appellant uses unconventional pagination.

[3] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.

Appellant then had one year to file a timely PCRA petition.  Thus, Appellant's petition filed on May 3, 2018, nearly 14 years later, is facially untimely, and he was required to plead and prove an exception to the timeliness requirement.

In his petition and on appeal, Appellant attempts to plead the newly-discovered facts exception set forth in 42 Pa.C.S. § 9545(b)(ii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]").  PCRA Petition, 5/3/2018, at 8 (pagination supplied); Appellant's Brief at Leaf 1.

> The timeliness exception set forth in [subs]ection 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence.  Due diligence demands that the petitioner take reasonable steps to protect his own interests.  A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).

- 4 -

Appellant relies on **Burton**[4] in claiming he has met this exception. Appellant's Brief at Leaf 1. However, nowhere in his brief does Appellant reference or explain the newly-discovered facts upon which he relies to satisfy the PCRA's timeliness exception. Regardless, Appellant waived this issue by failing to raise it in his Pa.R.A.P. 1925(b) statement or the statement of questions involved section of his brief. **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived."); **see also** Rule 1925(b) Statement, 7/5/2018 (raising claims relating to a speedy trial violation and Appellant's belief that "he meets the rationale[]" of **Commonwealth v. Edwards**, 177 A.3d 963 (Pa. Super. 2018) and **Commonwealth v. Diaz**, 183 A.3d 417 (Pa. Super. 2018))[5].

Based on the foregoing, we conclude that Appellant's petition was filed untimely, and he has not pleaded and proven an exception to the timeliness requirements. Thus, he is not entitled to relief. **See Albrecht**, 994 A.2d at 1095 (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

---

[4] In **Burton**, our Supreme Court held that "the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(ii) **does not apply** to pro se prisoner petitioners." 158 A.3d at 638 (emphasis in original).

[5] Neither **Edwards** nor **Diaz** involved the newly-discovered facts exception to an untimely PCRA petition. **Edwards** involved a direct appeal. 177 A.3d at 967. **Diaz** involved the Commonwealth's appeal from the PCRA court's grant of Diaz's **timely** PCRA petition and a new trial based upon trial counsel's per se ineffective handling of Diaz's need for a translator at trial. 183 A.3d at 418, 421-424.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/12/19