J-S11041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                    :         PENNSYLVANIA
                                    :
              v.                     :
                                    :
                                    :
MARCUS UPSHAW                 :
                                    :
          Appellant           :     No. 1198 WDA 2021

Appeal from the PCRA Order Entered September 14, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001280-2009

BEFORE: PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:         **FILED: September 12, 2022**

    Marcus Upshaw ("Upshaw") appeals *pro se* from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

    In 2008, Upshaw and his co-conspirators, including Darryl Reese, were involved in a robbery during which Charles Hall was shot and killed. Before trial, Reese provided affidavits exonerating Upshaw. However, upon taking the witness stand at Upshaw's 2011 trial, Reese retracted those representations, claimed that they were procured under duress, and identified Upshaw as one of the perpetrators. At the conclusion of trial, a jury convicted Upshaw of second-degree murder and related offenses in connection with the robbery and homicide. On February 2, 2011, the trial court imposed an

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

aggregate sentence of life in prison without the possibility of parole, followed by a consecutive sentence of eighteen to thirty-six months in prison.

In October 2011, following the *nunc pro tunc* reinstatement of Upshaw's appellate rights, he filed a timely appeal to this Court wherein he sought remand to permit the trial court to conduct an evidentiary hearing based on after-discovered evidence to determine if a new trial was warranted. The after-discovered evidence consisted of letters prepared by Reese wherein he declared, similar to the affidavits he disavowed at Upshaw's trial, that police officials coerced his testimony that Upshaw participated in the robbery and homicide. Relying on the newly-produced letters, Upshaw alleged that Reese recanted his trial testimony that Upshaw was involved in the conspiracy. This Court granted the requested relief, dismissed the appeal, and remanded for a hearing on the after-discovered evidence.

Upon remand, the trial court conducted a hearing at which Reese testified. Reese disavowed the letters and indicated that they, like the affidavits, had been executed under duress. Reese additionally represented that his trial testimony identifying Upshaw as one of the perpetrators was truthful. The trial court determined that the letters were identical to the affidavits signed by Reese and produced at trial, and that Reese's testimony at the evidentiary hearing tracked his trial testimony. The trial court found that Reese's letters, as well as the affidavits produced at trial, were written under duress, noting that Upshaw and his mother had written eight letters to

Reese after the trial pressuring Reese to recant. Based on the testimony presented at the hearing, the trial court concluded that the letters were cumulative to the evidence presented at trial, and that a new trial was not warranted. **See** Trial Court Opinion, 6/29/12, at 9-10.

On further appeal to this Court, Upshaw claimed, *inter alia*, that the trial court erred by denying his request for a new trial due to the after-discovered evidence of Reese's letters. This Court disagreed and affirmed the trial court's determination that Reese's letters were merely cumulative to other evidence already presented to the jury. **See Commonwealth v. Upshaw**, 2014 Pa. Super. Unpub. LEXIS 3289, 2014 WL 10965838 (Pa. Super. 2014) (unpublished memorandum at *16). On this basis, this Court affirmed the judgment of sentence on March 28, 2014. **Id**. Upshaw did not seek review in our Supreme Court.

In 2014, Upshaw filed a PCRA petition, his first. Therein, Upshaw claimed, *inter alia*, that the trial court erred when it denied his motion for a new trial in light of after-discovered evidence in the form of a new letter from Reese wherein he stated that Upshaw was not present at the time of the robbery and homicide. The PCRA court appointed counsel to represent Reese. After conferring with his client, counsel for Reese filed a verification which stated that Reese was being pressured by Upshaw and his family to recant his testimony, and that the testimony Reese provided at trial and at the after-discovered evidence hearing was accurate. **See Commonwealth v.**

- 3 -

*Upshaw*, 170 A.3d 1249 (Pa. Super. 2017) (unpublished memorandum at *5-6). The PCRA court determined that the claim had been previously litigated in Upshaw's prior appeal and dismissed the petition. This Court affirmed the dismissal on the basis that Reese's most recent letter contained the same substance as his prior after-discovered letters which Upshaw had previously litigated pursuant to 42 Pa.C.S.A. §§ 9543(a)(3) and 9544(a)(2).[2] *See Upshaw*, 170 A.3d 1249 (unpublished memorandum at *10-*11) (noting that "[w]e have already determined that [Upshaw] was not entitled to relief on the same purported after-discovered evidence").

On May 10, 2021, Upshaw filed the instant *pro se* PCRA petition, his second. Therein, Upshaw claimed that a new trial was warranted based on after-discovered evidence which consisted of an affidavit of Dawnae Jones, who has a daughter by Reese. In the affidavit, Jones attested that Reese told her that Upshaw had nothing to do with the robbery or the homicide. The PCRA court dismissed the petition without a hearing on September 14, 2021, on the basis that the petition was untimely and no exception to the timeliness

---

[2] No relief is available under the PCRA where the issue has been previously litigated. *See* 42 Pa.C.S.A. § 9543(a)(3). "[A]n issue has been previously litigated if: . . . the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.A. § 9544(a)(2).

requirement applied. Upshaw filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.[3]

Upshaw raises the following issues for our review:

I.   Did the PCRA court err when denying [Upshaw's] requested relief under the [PCRA] on the basis that his petition was untimely filed and no exception to the timeliness requirement applies, where [Upshaw] demonstrates that his petition was properly pled and properly cognizable under 42 Pa.C.S.[A.] § 9545(b)(1)(ii) and § 9545(b)(2).

II.  Did the PCRA court misinterpret the language of 42 Pa.C.S.[A.] § 9545(b)(1)(ii) and § 9545(b)(2) and deny [Upshaw's PCRA] petition based on this misinterpretation.

III. Did the PCRA court err in denying [Upshaw's] request for an evidentiary hearing relative to the after[-]discovered facts raised in [Upshaw's] petition.

Upshaw's Brief at 3 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This

_____

[3] The PCRA court ordered Upshaw to file a Rule 1925(b) concise statement of errors complained of on appeal. When Upshaw failed to do so, the PCRA court authored a Rule 1925(a) opinion in which it determined that Upshaw's issues on appeal were waived for failure to comply with the Rule 1925(b) order. This Court determined that the clerk of courts failed to serve Upshaw with a copy of the Rule 1925(b) order and to note such service on the docket pursuant to Pa.R.Crim.P. 114(C). Accordingly, this Court remanded for the issuance of a new Rule 1925(b) order and compliance with Rule 114(C). After these directives were complied with, Upshaw filed a concise statement and the PCRA court authored a new Rule 1925(a) opinion.

Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Any PCRA petition must be filed within one year of the date the judgment becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

In the instant matter, this Court affirmed Upshaw's judgment of sentence on March 28, 2014, and Upshaw did not seek allowance of appeal in our Supreme Court. Therefore, his judgment of sentence became final on April 28, 2014, upon the expiration of the time in which he could have filed a

petition for allowance of appeal.[4] **See** 42 Pa.C.S.A. § 9545(b)(3); **see also** Pa.R.A.P. 1113 (providing that a petition for allowance of appeal shall be filed with the prothonotary of the Pennsylvania Supreme Court within thirty days of the entry of the Superior Court order). Upshaw had until April 28, 2015, to file the instant PCRA petition, but did not do so until May 10, 2021. Thus, Upshaw's petition is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1), which provides:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

---

[4] The thirtieth day after March 28, 2014, fell on Sunday, April 27, 2014. Therefore, Upshaw had until Monday April 28, 2014, to file a timely petition for allowance of appeal. **See** 1 Pa.C.S.A. § 1908 (providing that "[w]henever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." *Id*. § 9545(b)(2).

As Upshaw's first two issues are related, we will address them together. Upshaw asserts that he invoked the timeliness exception set forth in section 9545(b)(1)(ii), which permits an exception to the PCRA's time bar when the petitioner alleges and proves that there were facts that were unknown to him, and that he could not have ascertained those facts by the exercise of due diligence. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii); *see also Commonwealth v. Bennett*, 930 A.2d 1264, 1270-72 (Pa. 2007). The due diligence inquiry is fact-sensitive and dependent upon the circumstances presented. *See Commonwealth v. Burton*, 121 A.3d 1063, 1070 (Pa. Super. 2015) (*en banc*). The focus of the exception found at section 9545(b)(1)(ii) is on newly discovered facts, not on a newly discovered or newly willing source for previously known facts. *See Commonwealth v. Lopez*, 249 A.3d 993, 1000 (Pa. 2021).

Upshaw contends that the information contained in Jones's affidavit constitutes after-discovered evidence of which he was unaware and could not have discovered by the exercise of due diligence. Upshaw claims that he did not become aware of Jones's information until September of 2020, and he filed the instant petition eight months later, in May of 2021. Upshaw maintains

that the only basis for dismissal identified by the PCRA court was that his petition was untimely. Upshaw insists that, pursuant to sections 9545(b)(1)(ii) and 9545(b)(2), his petition is timely because it was filed within one year after he discovered Jones's information.

The PCRA court addressed Upshaw's first two issues and concluded that they lacked merit. The PCRA court reasoned as follows:

> Upshaw alleges subsection [9545(b)](ii) applies to him. [Upshaw] is incorrect. [Upshaw's] "new fact" is a new witness, . . . Jones, who would impeach the testimony of . . . Reese and support his purported recantation. The issue of the veracity of Reese's testimony is not new. In fact, [Upshaw] alleged at trial, on direct appeal, [and] in his first PCRA petition . . . that Reese had not testified truthfully at trial. The present PCRA merely promulgates an additional source of information, not a newly discovered fact. . . . This issue is not new as it relates to subsection [9545(b)](ii) and this court correctly found that this exception does not apply.

PCRA Court Opinion, 8/1/22, at 4 (unnecessary capitalization omitted).

Here, facts upon which Upshaw's current after-discovered evidence claim is based, *i.e.*, that Reese has at times made out-of-court statements that Upshaw was not involved in the robbery or homicide, have been known to Upshaw since at least 2011. Upshaw makes no argument that the information provided by Jones regarding verbal statements by Reese differs in any meaningful way from affidavits and letters previously authored by Reese. Thus, the information contained in Jones's affidavit is not a newly discovered fact. Rather, it is merely a newly discovered or newly willing source that corroborates a previously known fact. **See Lopez**, 249 A.3d at 1000.

Accordingly, the timeliness exception provided by section 9454(b)(1)(ii) does not apply. *Id*.

Moreover, the issue of whether Reese's after-discovered statements entitle Upshaw to a new trial has been previously litigated. *See Upshaw*, 2014 Pa. Super. Unpub. LEXIS 3289, 2014 WL 10965838 (Pa. Super. 2014) (unpublished memorandum at *16) (affirming the trial court's denial of a new trial based on Reese's after-discovered letters on the basis that they were merely cumulative to other proof already presented to the jury); *see also Upshaw*, 170 A.3d 1249 (unpublished memorandum at *10-*11) (holding that "[w]e have already determined that [Upshaw] was not entitled to relief on the same purported after-discovered evidence"). Therefore, PCRA relief was unavailable for Upshaw's current after-discovered evidence claim. *See* 42 Pa.C.S.A. § 9543(a)(3), 9544(a)(2). Accordingly, as the PCRA court lacked jurisdiction over Upshaw's petition, his first two issues do not entitle him to relief.

In his final issue, Upshaw claims that the PCRA court abused its discretion by dismissing his petition without first conducting an evidentiary hearing. Pennsylvania Rule of Criminal Procedure 907 provides that the PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be further served by any further proceedings." Pa.R.Crim.P.

907(1). To obtain relief, the appellant must show that he or she "raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Paddy*, 15 A.3d 431 (Pa. 2011).

Upshaw claims that the issues he raised in his petition are not patently frivolous and involve a material fact supported by the record. On this basis, he argues that he was entitled to an evidentiary hearing on the after-discovered evidence he presented to the PCRA court.

As explained above, Upshaw's petition was untimely filed and he failed to present the PCRA court with any fact that was previously unknown to him within the scope of section 9545(b)(1)(ii). As Upshaw failed to identify any genuine issue of material fact that would entitle him to relief, the PCRA court did not abuse its discretion by dismissing the petition without a hearing.

Order affirmed.

President Judge Panella joins this decision.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/12/2022

- 11 -